## UNITED STATES *v.* WURZBACH.

No. 66. Argued January 20, 1930.—Decided February 24, 1930.

*Mr. Seth W. Richardson,* Assistant Attorney General, with whom *Attorney General Mitchell, Solicitor General Hughes* and *Messrs. Oscar R. Luhring,* Assistant Attorney General, *Alfred A. Wheat,* Special Assistant to the Attorney General, and *Harry S. Ridgely* were on the briefs, for the United States.

*Mr. Hugh R. Robertson* for the appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The respondent was indicted under the Federal Corrupt Practices Act, 1925; Act of February 28, 1925, c. 368, § 312, 43 Stat. 1053, 1073; U. S. Code, Title 18, § 208; on charges that being a representative in Congress he received and was concerned in receiving specified sums of money from named officers and employees of the United States for the political purpose of promoting his nomination as Republican candidate for representative at certain Republican primaries. Upon motion of the defendant the District Court quashed the indictment on the ground that the statute should not be construed to include the political purpose alleged, and, construed to in-

clude it, probably would be unconstitutional. The United States appealed.

The section of the statute is as follows:

" It is unlawful for any Senator or Representative in, or Delegate or Resident Commissioner to, Congress, or any candidate for, or individual elected as, Senator, Representative, Delegate, or Resident Commissioner, or any officer or employee of the United States, or any person receiving any salary or compensation for services from money derived from the Treasury of the United States, to directly or indirectly solicit, receive, or be in any manner concerned in soliciting or receiving, any assessment, subscription, or contribution for any political purpose whatever, from any other such officer, employee, or person."

This language is perfectly intelligible and clearly embraces the acts charged. Therefore there is no warrant for seeking refined arguments to show that the statute does not mean what it says, unless there is some reasonable doubt whether, so construed, it would be constitutional—the doubt that was felt by the Court below.

The doubt of the District Court seems to have come from the assumption that the source of power is to be found in Article I, Section 4, of the Constitution concerning the time, place and manner of holding elections, etc.; and from the decision that the control of party primaries is purely a State affair. *Newberry* v. *United States,* 256 U. S. 232. But the power of Congress over the conduct of officers and employees of the Government no more depends upon authority over the ultimate purposes of that conduct than its power to punish a use of the mails for a fraudulent purpose is limited by its inability to punish the intended fraud. *Badders* v. *United States,* 240 U. S. 391. It hardly needs argument to show that Congress may provide that its officers and employees neither shall exercise nor be subjected to pressure for money for political purposes, upon or by others of their

kind, while they retain their office or employment. If argument and illustration are needed they will be found in *Ex parte Curtis,* 106 U. S. 371, s. c. 12 Fed. 824. See United States v. *Thayer,* 209 U. S. 39, 42. Neither the Constitution nor the nature of the abuse to be checked requires us to confine the all embracing words of the Act to political purposes within the control of the United States.

It is argued at some length that the statute, if extended beyond the political purposes under the control of Congress, is too vague to be valid. The objection to uncertainty concerning the persons embraced need not trouble us now. There is no doubt that the words include representatives, and if there is any difficulty, which we are far from intimating, it will be time enough to consider it when raised by someone whom it concerns. The other objection is to the meaning of " political purposes." This would be open even if we accepted the limitations that would make the law satisfactory to the respondent's counsel. But we imagine that no one not in search of trouble would feel any. Whenever the law draws a line there will be cases very near each other on opposite sides. The precise course of the line may be uncertain, but no one can come near it without knowing that he does so, if he thinks, and if he does so it is familiar to the criminal law to make him take the risk. *Nash* v. *United States,* 229 U. S. 373.

It is said to be uncertain which of several sections imposes the penalty and therefore uncertain what the punishment is. That question can be raised when a punishment is to be applied. The elaborate argument against the constitutionality of the Act if interpreted as we read it, in accordance with its obvious meaning, does not need an elaborate answer. The validity of the Act seems to us free from doubt.

*Judgment reversed.*