UNITED STATES *v.* MALPHURS ET AL.

No. 558.   Argued March 5, 6, 1942.—Decided April 6, 1942.

*Mr. Herbert Wechsler* argued the cause, and *Solicitor General Fahy, Assistant Attorney General Berge,* and *Messrs. Archibald Cox, Louis B. Schwartz,* and *Herbert S. Phillips* were on the brief, for the United States.

*Messrs. John L. Graham* and *Francis P. Whitehair,* with whom *Messrs. D. C. Hull, Erskine W. Landis,* and *J. Compton French* were on the brief, for appellees.

PER CURIAM.

This appeal comes here directly from the District Court for the Southern District of Florida under the authority of the Criminal Appeals Act, 34 Stat. 1246, 18 U. S. C. § 682,

1

and § 238 of the Judicial Code as amended, 43 Stat. 936, 938, 28 U. S. C. § 345.   In the District Court, a demurrer to an indictment was sustained on the sole ground that §§ 3 and 4 of the Hatch Act, "An Act to prevent pernicious political activities" approved August 2, 1939, 53 Stat. 1147, set out below,[1] were inapplicable to a state primary.[6] Neither the assignment of errors nor the jurisdictional statement specifies any other statute under which the indictment might have been found.

Defendants, employees of the Works Progress Administration and a municipal Chief of Police, were indicted under Count I for threatening, on May 6, 1940, to deprive a named person of employment, made possible by an Act of Congress, unless he voted for and supported in the Florida primary, defendants' candidates for various national and state offices, and under Count II for promising on May 23rd continued and more remunerative employment if that person did support them.   In each count it was alleged that: "Frank M. Strickland was an employee of the Works Progress Administration, an agency of the United States of America, which said agency was administering certain projects in the said county and was furnishing employment

---

[1] "SEC. 3. It shall be unlawful for any person, directly or indirectly, to promise any employment, position, work, compensation, or other benefit, provided for or made possible in whole or in part by any Act of Congress, to any person as consideration, favor, or reward for any political activity or for the support of or opposition to any candidate or any political party in any election.

"SEC. 4. . . . it shall be unlawful for any person to deprive, attempt to deprive, or threaten to deprive, by any means, any person of any employment, position, work, compensation, or other benefit provided for or made possible by any Act of Congress appropriating funds for work relief or relief purposes, on account of race, creed, color, or any political activity, support of, or opposition to any candidate or any political party in any election."

[2] It is to be noted that this indictment relates to acts occurring prior to the approval of the amendment of July 19, 1940, 54 Stat. 767.

to persons on relief in said county provided for and made possible in whole or in part by Act of Congress of the United States, to wit, the Emergency Relief Appropriation Act of 1939."

In its brief for this Court, the Government contends for the first time that the language of the Emergency Relief Appropriation Act of 1939, § 30 (a), 53 Stat. 927, 937, applies sanctions to allegations such as are made in Count II of the indictment. See also § 30 (b) of that Act and § 3 (a) of the Joint Resolution of February 4, 1939, making an additional appropriation for work relief for the fiscal year ending June 30, 1939, 53 Stat. 507, 508. It is obvious that these sections were not called to the attention of the trial judge as possibly applicable to the whole indictment.

While we have jurisdiction under the Criminal Appeals Act to pass upon the correctness of the order entered below, *United States* v. *Nixon,* 235 U. S. 231, we think that it is advisable to vacate the judgment and remand the case in its entirety, without discussion of the Hatch Act.[3] We remand this case for consideration by the District Court of the continued existence and applicability of the statutes, other than the Hatch Act, referred to in this opinion.

*It is so ordered.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.

---

[3] Cf. *Gainesville* v. *Brown-Crummer Co.,* 277 U. S. 54, 60–61.