**UNITED STATES v. MALPHURS et al.**

No. 6433.

District Court, S. D. Florida,
Jacksonville Division.

Oct. 2, 1942.

Wendell Berge, Asst. Atty. Gen., Louis B. Schwartz, Sp. Asst. to Atty. Gen., and Herbert S. Phillips, U. S. Atty., of Tampa, Fla., for United States.

Hull, Landis & Whitehair and John L. Graham, all of DeLand, Fla., for defendants.

STRUM, District Judge.

The indictment herein charges defendants with unlawful activities, hereinafter more fully stated, in connection with the Florida State primaries held during May, 1940, in which United States Senators and Representatives were nominated.

At the former hearing upon defendants' demurrer to the indictment, §§ 3 and 4 of the Hatch Act, 18 U.S.C.A. §§ 61b and 61c, were urged by the District Attorney as the sole basis for said indictment. This Court held that the indictment charges no offense under the Hatch Act, because the legislative history of that Act indicates a clear Congressional intent to exclude primaries from its operation. United States v. Malphurs, D.C., 41 Fed.Supp. 817.

On direct appeal to the Supreme Court, the United States for the first time asserted that the indictment was sustainable under the Emergency Relief Appropriation Act of June 30, 1939, § 30, 53 Stat. 927, 937, Chap. 252, 15 U.S.C.A. §§ 721–728, as well as under the joint resolution of February 4, 1939, § 3, 53 Stat. 507, 508, Chap. 1, 15 U.S.C.A. §§ 721–728. Thereupon the Supreme Court remanded the cause, in order that this Court might consider "the continued existence and applicability of" the last above cited statutes. United States v. Malphurs, April 6, 1942, 316 U.S. 1, 62 S.Ct. 897, 898, 86 L.Ed. ——. The United States has now presented its additional contentions to this Court, and these have been considered.

Since the decision in United States v. Classic, May 26, 1941, 313 U.S. 299, 61 S.Ct. 1031–1048, 85 L.Ed. 1368, the word "election," as used in Art. 1, § 4, of the Constitution, now includes primaries which

form an integral part of the election process to such an extent that the result of the primary practically determines the "choice" of representatives in Congress as provided for in art. 1, § 2, of the Constitution. Unless a contrary Congressional intent clearly appears, the word "election" should now receive the same interpretation when used in a statute relating to elections.

■ Section 30(a) and (b) of the Emergency Relief Act of June 30, 1939, supra, uses language substantially identical with §§ 3 and 4 of the Hatch Act, 18 U.S.C.A. 61b and 61c. The circumstances indicating an express Congressional intent to exclude primaries from the Hatch Act are lacking as to the Emergency Relief Act of June 30, 1939. As found in the latter Act, therefore, the word "election" should be interpreted in harmony with United States v. Classic, supra, as extending to primaries.

■ Section 30(a) of said Emergency Relief Act provides that it shall be unlawful for any person to promise any employment, position, work, compensation, or other benefit, provided for or made possible by any Act of Congress, to any person as consideration, favor, or reward, for any political activity, or for the support of or opposition to "any candidate in any election or any political party." Section 30(b) of said Emergency Relief Act provides that it shall be unlawful for any person to deprive, or threaten to deprive, by any means, any person of any employment or other benefit, provided for or made possible by that Act, "on account of * * * any political activity, support of, or opposition to any candidate or any political party in any election." Section 30(c) provides "the provisions of this section shall be in addition to, and not in substitution for, any other provisions of existing law, or of this joint resolution."

Count 1 of the indictment charges that on May 6, 1940 (during the period currently covered by the Emergency Relief Act) the defendant threatened to deprive Frank M. Strickland of employment made possible by an Act of Congress, unless he voted for, and influenced his family to vote for, certain candidates whom the defendants were then supporting in said Florida primary. Count 2 charges that on May 23, 1940, the defendants promised said Frank M. Strickland continued and more remunerative employment with the Works Progress Administration, to be paid for out of funds made possible by an Act of Congress, if said Strickland voted for, and influenced the members of his family to likewise vote for, certain candidates in said primary who were being supported by said defendants. Each count of the indictment charges that said Strickland was entitled to vote in said primaries and was then and there an employee of Works Progress Administration, who was receiving pay from funds provided and made possible by an Act of Congress, to-wit: The Emergency Relief Act of 1939, supra.

When the word "election," as used in the Emergency Relief Appropriation Act of 1939, is interpreted in harmony with United States v. Classic, supra,—which it must be in the absence of a contrary Congressional intent,—Count 1 of the indictment charges an offense under § 30(b) of said Emergency Relief Appropriation Act of 1939, and Count 2 of the indictment charges an offense under § 30(a) of said Act. As stated, the circumstances which require a contrary interpretation of the same language in the Hatch Act are lacking with respect to the Emergency Relief Appropriation Act of June 30, 1939, thus leading to a different conclusion as to the sufficiency of the indictment when considered with reference to the Emergency Relief Appropriation Act.

■ Moreover, the quoted provisions of the Emergency Relief Appropriation Act of 1939, are sustainable quite independently of the power of Congress to regulate "elections" under Art. 1, § 4, of the Constitution. Those provisions may also soundly rest upon the power of Congress to safeguard the expenditure of funds appropriated by it for public purposes and to prevent their diversion to political ends, which is the dominant purpose of § 30(a) and (b) of the Emergency Relief Appropriation Act of 1939. United States v. Wurzbach, 280 U.S. 396, 50 S.Ct. 167, 74 L.Ed. 508; Ex parte Curtis, 106 U.S. 371, 1 S.Ct. 381, 27 L.Ed. 232. The same may also be true of §§ 3 and 4 of the Hatch Act. But Congressional intent to exclude primaries from its operation is clearly evidenced by the action of the Senate in striking from the Hatch Act a section expressly extending its coverage to primaries.

The former order sustaining the demurrer will be vacated, and an order now entered overruling said demurrer.