90 N.J. Super. 146 (1966)
216 A.2d 595
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES HOBBS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1965.
Decided January 21, 1966.
*147 Before Judges KILKENNY, GAULKIN and LEONARD.
*148 Mr. J. Mortimer Rubenstein, assigned counsel, argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
PER CURIAM.
We conclude that N.J.S. 2A:148-22.1 is constitutional both on its face and as applied to the prosecution and conviction of defendant under the circumstances hereof. The statute was enacted to deter individuals from giving false information to law enforcement authorities. It provides:
"Any person who knowingly and willfully gives false information or causes false information to be given to any law enforcement officer or agency with respect to the commission of any crime or purported crime is guilty of a misdemeanor."
These elements are specified with such a reasonable degree of certainty as sufficiently to apprise those to whom it is addressed of the standard of conduct proscribed therein so that men of intelligence need not necessarily guess at its meaning or differ as to its application. State v. Monteleone, 36 N.J. 93, 99 (1961).
Defendant's statement as to who committed the murder was material to the police investigation of that murder. Thus, he cannot assail the constitutionality of this statute upon the theory that someone might be prosecuted for a violation thereof in an instance where his false statement may not be material. United States v. Raines, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). See also Bd. of Education of Mountain Lakes v. Maas, 56 N.J. Super. 245 (App. Div. 1959), affirmed 31 N.J. 537 (1960), certiorari denied 363 U.S. 843, 80 S.Ct. 1613, 4 L.Ed.2d 1727 (1960). The courts will not anticipate situations wherein the application of a statute might be unconstitutional United States v. Wurzbach, 280 U.S. 396, 50 S.Ct. 167, 74 L.Ed. 508 (1930). *149 Comparable federal statutes, 18 U.S.C.A. § 35, 18 U.S.C.A. § 837(d) and 49 U.S.C.A. § 1472(m) (1), have been declared constitutional. United States v. Rutherford, 332 F.2d 444 (2 Cir. 1964), certiorari denied 377 U.S. 994, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964).
We believe that defendant's contention that the court committed plain error in its charge to the jury is meritorious. The court read the statute to the jury, defined the terminology thereof and properly set forth the elements of the crime. However, the court did not relate those elements to the facts of the specific offense for which defendant had been indicted. See State v. Butler, 27 N.J. 560 (1958); State v. Engels, 2 N.J. Super. 126 (App. Div. 1949). The indictment charged that "he [defendant] knowing that one Lonnie Seldon, Jr., did commit the crime of murder, nevertheless he informed enforcement officers that a certain man named Albert committed the crime of murder."
Evidence was adduced in the trial that defendant made several false statements to the police. He gave them an incorrect address as his place of residence. He stated that he witnessed the crime, and then testified he did not. He failed to identify "mug shot" pictures of Lonnie Seldon, Jr., although he testified he personally knew him. The jury should have been instructed that the making of these false statements alone would not support the charge laid in the indictment.
We are of the opinion that the failure of the court to charge as we have heretofore noted affected "substantial rights of the defendant," R.R. 1:5-1(a), and "that of itself the error possessed a clear capacity to bring about an unjust result." State v. Corby, 28 N.J. 106, 108 (1958). Consequently, a reversal is required in the interests of substantial justice.
Since this matter will be remanded for a new trial, we consider one other point raised by defendant. On the retrial, the court should refrain from expressing an opinion, directly or otherwise, as to defendant's credibility. State v. Walker, *150 33 N.J. 580 (1961), certiorari denied 371 U.S. 850, 83 S.Ct. 89, 9 L.Ed.2d 86 (1962).
Reversed and remanded for a new trial in accordance herewith.