WILLIAM A. BABLITCH, District Attorney, Portage County
You ask whether "credentials of a minister" which are available for a fee of $1.00 from organizations located in other states qualify a person to solemnize marriages under Wisconsin Statutes. *Page 93 
I am of the opinion that your question must be answered negatively.
Section 245.17, Stats., provides:
"Credentials to be filed with clerk of circuit court. Before any clergyman, licentiate or appointee named in s. 245.16 is authorized to solemnize a marriage, he shall file credentials of ordination, license or appointment, or other proof of such official character, with the clerk of the circuit court of some county in this state in which is located achurch under his ministry, who shall record the same and give a certificate thereof, but any such clergyman, licentiate or appointee who is not a resident of this state is likewise authorized to solemnize marriages in this state upon filing such credentials or proof, together with a letter of sponsorship from a clergyman of the same religious denomination or society who has a church in this state under hisministry, with the clerk of circuit court of the county in which any such marriage is to be performed, and said clerk shall record the same and give a certificate thereof. The place where such credentials are recorded shall be indorsed upon each certificate of marriage by the officiating clergyman, licentiate or appointee and recorded with the same." (Emphasis supplied)
The language underlined indicates that any person who is a resident of this state and represents himself as a clergyman must have a church in this state in order to perform marriage ceremonies. Further, a person who is a nonresident of this state, and who represents himself to be a clergyman authorized to perform marriage ceremonies, must be sponsored by a clergyman who has a church in this state.
The definition of a "church under his ministry" as set forth in sec. 245.002 (2), Stats., is very broad. The subsection reads as follows:
"In this chapter `church under his ministry' includes any congregation, parish or place of worship at which any clergyman is located or assigned and also any administrative, missionary, welfare or educational agency, institution or organization affiliated with any religious denomination or society in this state." *Page 94 
In spite of the sweeping broadness of the foregoing definition, there is a location requirement to be satisfied under sec. 245.17, Stats. For instance, the word "place" may be construed as an indefinite area in common usage, but it may also mean "a building or locality used for a special purpose." Webster's Seventh New Collegiate Dictionary. In the phrase "place of worship" it is apparent that a specific building or locality was contemplated by the legislature. This construction is further buttressed by the requirements that credentials of a clergyman be filed with the clerk in the county "in which is located a church under his ministry." Sec. 247.17, Stats.
Other than the requirement of a specific location, the definition of the word "church" as used by the statute appears to conform to a standard concept as commonly understood that a church is any religious society or body. A religious society, in turn, is "an assembly met, or a body of persons who usually meet, in some stated place for the worship of God and religious instructions. It is made up of individuals who have associated together for religious as opposed to secular purposes, having no regard to the particular mode or manner of constituting or forming the society or its being incorporated, although the term as used in particular statutes may have reference to incorporated, or quasi-incorporated religious societies. A religious society can exist without having either a church building or a parsonage." 76 C.J.S. Religious Societies, § 1.
Based on the foregoing, it should be clear that credentials of a minister alone do not fulfill statutory requirements to officiate at marriage ceremonies.
It should be noted that the penalty for false solemnization of marriage is provided under sec. 245.30 (2), Stats., as follows:
"The following shall be fined not less than $100 nor more than $1,000, or imprisoned not more than one year, or both:
"* * *
"(c) Penalty for false solemnization of marriage. Any person, not being duly authorized by the laws of this state, *Page 95 
who intentionally undertakes to solemnize a marriage in this state, or any person who intentionally participates in or in any way aids or abets any false or fictitious marriage."
Although it is well established that a statute which provides criminal penalties must be strictly construed, Justice Holmes suggested that one who comes near a line of demarcation drawn by a criminal statute takes the risk that his conduct is in violation of the law. U.S. v. Wurzbach
(1930), 50 S.Ct. 167, 280 U.S. 396, 74 L.ed. 508.
RWW:WLJ