UNITED STATES of America,
Plaintiff-Appellee,

v.

Noel Lee LIPPMAN, Defendant-
Appellant.

No. 73–1689.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1973.

Decided Feb. 27, 1974.

Joseph P. Zanglin, Detroit, Mich., for defendant-appellant; Norman L. Lippitt, Detroit, Mich., Chris M. Youngjohn, Detroit, Mich., Lee C. Lippman, Detroit, Mich., of counsel.

Robert Plaxico, Dept. of Justice, for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., E. D. Mich., Laurence Leff, Atlee Wampler, Sp. Attys., Dept. of Justice, Detroit, Mich., Jerome M. Feit, Atty., Dept. of Justice, Washington, D. C., on brief.

Before CELEBREZZE and LIVELY, Circuit Judges, and WILSON,* District Judge.

CELEBREZZE, Circuit Judge.

Appellant appeals his jury conviction of conspiracy and obstruction of communication to a criminal investigator of information relating to a violation of a federal statute, actions proscribed by 18

---

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

U.S.C. §§ 371 and 1510. Appellant, an attorney, and a co-defendant Staffel, a dentist, were charged with endeavoring by bribery and intimidation to prevent one Zuber from communicating information about violations of federal narcotics statutes. Before the trial, Staffel pleaded guilty to both counts of the indictment.

Staffel and Zuber had been involved in smuggling marijuana. Zuber was apprehended and threatened to implicate Staffel unless Staffel paid Zuber's expenses, legal fees and did some dental work for Zuber's wife under an agreement to support one another in event of trouble. Staffel retained Appellant as his attorney and Appellant later agreed also to represent Zuber. Zuber was continually asking Staffel for money to keep him from talking and Appellant was continually attempting to get Staffel to live up to his agreement to pay Zuber. At one point, Appellant gave Zuber $100 when Staffel had no money with him. Zuber eventually began cooperating with the authorities in obtaining evidence against Staffel and on several occasions carried a recording device into meetings with Staffel and Appellant.

■■■ Appellant raises several issues. First, he contends that the statute under which he was charged is unconstitutionally vague. 18 U.S.C. § 1510 (1967) provides:

(a) Whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator; or

Whoever injures any person in his person or property on account of the giving by such person or by any other person of any such information to any criminal investigator—

Shall be fined not more than $5,000, or imprisoned not more than five years, or both.

(b) As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

It is asserted that the statute does not define an objective standard from which the trier of fact can determine whether the defendant's conduct obstructed the communication of information relating to a federal crime. In determining whether a statute violates the due process concept of vagueness, the Supreme Court has stated the standard to be applied:

We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. United States v. Wurzbach, 280 U.S. 396, 399, 50 S.Ct. 167, 168, 74 L.Ed. 508 (1930). Impossible standards of specificity are not required. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Jordan v. DeGeorge, 341 U.S. 223, 231–232, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951). (Footnote omitted).

We find that this standard is met by the statute before us. The language of the statute proscribes, in sufficiently clear terms, the obstruction of an investigation into a criminal matter by certain designated unlawful means. Clearly, an investigation was being made into the possible criminal activity of Staffel regarding his involvement in marijuana trafficking.

■■■ Appellant also asserts that the statute is overly broad in that it does

not require that an actual investigation already have been commenced and that it attempts to include any information regarding any criminal violation. However, whether or not there may be circumstances in which this statute could be unconstitutionally applied, the rule is that "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). Therefore, we hold that 18 U.S.C. § 1510 is not unconstitutional on its face. In so holding, we note that we have previously found a similar state to be valid. Anderson v. United States, 215 F.2d 84 (6th Cir. 1954), cert. denied sub nom., Lewis v. United States, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698, rehearing denied, 348 U.S. 922, 75 S.Ct. 291, 99 L.Ed. 723.[1]

 Appellant next contends that the indictment failed to set out in sufficient detail all the elements of the offense. It is asserted that neither of the two counts sufficiently identified the victim of the alleged endeavor to bribe, nor was it alleged that an actual investigation was taking place. We find no merit in either of these allegations. The statute does not require that an investigation be taking place, but prohibits the obstruction of any communication to an investigator. It is required that the defendant have actual knowledge that the intended recipient of the information be a federal criminal investigator. United States v. Williams, 470 F.2d 1339 (8th Cir. 1973), cert. denied, 411 U.S. 936, 93 S.Ct. 1912, 36 L.Ed.2d 396. We find that the indictment sufficiently alleged Appellant's knowledge and that Zuber was the intended victim of the bribe. The indictments alleged that as part of a conspiracy the defendants

> "LEONARD A. STAFFEL, D.D.S., and NOEL LEE LIPPMAN, ESQ., would willfully and knowingly endeavor by means of bribery and intimidation to obstruct, delay and prevent the communication of information by one Edward Alfred Zuber relating to violations of Sections 176(a) [176a] and 174 of Title 21 of the United States Code to Special Agents of the Federal Bureau of Narcotics and Dangerous Drugs;"

and that the defendants

> "did willfully and knowingly endeavor and cause an endeavor by means of bribery and intimidation to obstruct, delay and prevent the communication of information by Edward Alfred Zuber relating to violations of Section 176(a) [176a] and 174 of Title 21, United States Code of Special Agents of the Federal Bureau of Narcotics and Dangerous Drugs, United States Department of Justice."

1. In *Anderson*, the statute we upheld, 18 U. S.C. § 1503 (1948) read as follows:

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

■ It is asserted that the electronic eavesdropping conducted by Zuber on conversations between Zuber, Staffel and Appellant was conducted in violation of the fourth amendment. This contention is governed by the holding of United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), rehearing denied, 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed.2d 156, which held that electronic recording of conversations without a warrant but with the consent of a party to the conversation, does not violate the fourth amendment. Nor do we agree that Zuber cannot be said to have given consent because his co-operation was based on a promised recommendation for a lesser sentence. *See* United States v. Walker, 320 F.2d 472 (6th Cir. 1963), cert. denied, 375 U.S. 934, 84 S.Ct. 339, 11 L.Ed.2d 266.

■ Appellant also contends that the District Court improperly denied his motion for acquittal on the basis that the evidence showed a scheme of blackmail by Zuber rather than a bribery by Appellant. The court properly instructed the jury that they could find Appellant guilty if they found that he had provided funds to Zuber with specific intent to buy his silence, but that if Appellant's actions were because of threats by Zuber, then they should acquit Appellant. This is a correct statement of the law in a prosecution for bribery. United States v. Barash, 365 F.2d 395, 401–402 (2nd Cir. 1966). The evidence presented a jury issue in this regard.

■ Neither can we accept Appellant's argument that the District Court improperly instructed the jury on the question of entrapment. While we find the Court's instructions proper, we also find them unnecessary. The alleged offense was not instigated by law enforcement officials. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). The evidence was to the effect that prior to the involvement of law enforcement officials, Staffel had agreed with Zuber that if either were arrested, the other would render support as a condition of the apprehended party's silence. After Zuber's arrest, Staffel had given Zuber $15,000. From the beginning of his involvement in the case, Appellant encouraged Staffel to provide Zuber with support in order to silence him. Appellant provided $3,500 of Staffel's money, over which he had power of attorney, to another lawyer who represented Zuber at his preliminary hearing. He later aided Staffel in securing a bank loan of $5,000 and took $4,000 of this sum for himself as a fee, having decided that he would provide the legal services Zuber required as a condition of his silence. At one meeting between Appellant, Staffel and Zuber, Appellant himself gave Zuber $100. We find that this evidence did not warrant an instruction on entrapment.

We have likewise considered the Appellant's other contentions in regard to the trial court's charge and find them to be without merit.

■ The Appellant likewise contends that the trial court erred in its instructions to the jury regarding reasonable doubt. In connection with certain elements of the offenses charged and in certain instructions upon reasonable doubt, the Court used the phrase "you would be justified in returning a verdict of not guilty". Upon numerous other occasions, however, the Court clearly instructed the jury that it must acquit the accused if the jury had a reasonable doubt about any element of the offense charged. When the charge is read as a whole, it is clear that no error was made in this regard. Ashe v. United States, 288 F.2d 725 (6th Cir. 1961).

■ Finally, we find that the verdict of guilty is supported by the evidence. As we have noted, the evidence is clear that Appellant played an active role in the attempts to keep Zuber from talking to government investigators. Appellant was never himself the object of any threats or attempted blackmail on the part of Zuber. On several occasions he urged Staffel to live up to his agreement with Zuber and he later ne-

gotiated an agreement between Zuber and Staffel that Staffel would pay Zuber $200 per month. We hold that these actions are within the purview of 18 U.S.C. § 1510. The judgment of the District Court is affirmed.