**UNITED STATES of America,**
**Appellant,**

v.

**Alfredo Franco PADILLA, Appellee.**

**No. 75–1107.**

United States Court of Appeals,
First Circuit.

Submitted June 19, 1975.

Decided Aug. 8, 1975.

Julio Morales Sanchez, U. S. Atty., and Juan M. Perez-Gimenez, Asst. U. S. Atty., on brief for appellant.

Melvyn Kessler, Miami, Fla., on brief for appellee.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal by the government from the suppression of taped conversations held between the defendant and two Special Agents of the Drug Enforcement Administration (DEA). The facts have been stipulated by the parties. The DEA rented two rooms at the Caribe Hilton Hotel in San Juan in anticipation of the arrivals of Special Agent Gilberto Nazario and the defendant. These rooms were rented under the name of Gilberto Nazario, one to be used solely as the temporary residence of the defendant while he stayed in San Juan. Before the defendant had arrived in San Juan, the agents of DEA installed a hidden microphone in his room and set up a receiving unit in the room next door, without the knowledge or consent of the defendant. In the late evening and early morning hours after the defendant checked in, he had conversations in his hotel room with several agents. These conversations were allegedly negotiations of purchases of marihuana and cocaine;[1] they were recorded by other agents in the neighboring room. It is alleged by the government that only conversations that took place between special agents and the defendant were recorded.

There was, concededly, no authorization sought or obtained under 18 U.S.C. §§ 2516 and 2518 for the interception of wire or oral communications. The government would have us overlook the fact that a microphone was installed in the hotel room without prior authority and consider the case as if the agent carried a recording device on him, thus bringing it within the authority of *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971). It assures us that only conversations between the agent and defendant were recorded.

We do not read either *White* or its predecessors, *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), to go farther than to say that a person has no *justifiable,* expectation that one with whom he converses will not tell the authorities of the conversation, and that accurate recordings of the conversation are therefore permissible.[2] The built-in limitation on the frustration of such a person's actual expectation of privacy is that no more can be recorded than is given to one who is, mistakenly or not, trusted. When one's confidante leaves his premises, he is left with an expectation of privacy in his surroundings which is not only actual but justifiable, *Katz, supra.*

---

1. The defendant is charged in two counts with violations of 21 U.S.C. § 963; conspiracy to import a schedule II narcotic and conspiracy to import a schedule I controlled substance.

2. All of the cases cited by the government in support of their position involve either transmitting or taping devices carried on the body of the agent or informer, *Lopez v. United States,* 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963), *United States v. Lippman,* 492 F.2d 314 (6th Cir. 1974), *United States v. DeVore,* 423 F.2d 1069 (4th Cir. 1970), *United States v. Kaufer,* 406 F.2d 550 (2d Cir. 1969), *Holt v. United States,* 404 F.2d 914 (10th Cir. 1969), or transmitting or taping of conversations between an agent or informer and the defendant from a phone over which the agent had control and when he had consented to the eaves-

dropping, *Lee v. Florida,* 392 U.S. 378, 88 S.Ct. 2096, 20 L.Ed.2d 1166 (1968), *Rathburn v. United States,* 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957), *United States v. Santillo,* 507 F.2d 629 (3d Cir. 1975), *United States v. Palazzo,* 488 F.2d 942 (5th Cir. 1974), *United States v. Hickman,* 426 F.2d 515 (7th Cir. 1970), *United States v. Riccobene,* 320 F.Supp. 196 (E.D.Pa.1970), *aff'd,* 451 F.2d 586 (3d Cir. 1971).

The government also points us to 18 U.S.C. § 2511(2)(c) which permits interception of communications where one of the parties to the conversation has given prior consent. This section merely embodies pre-existing case law and, of course, is to be read in the light of *United States v. White, supra,* and other relevant Supreme Court authorities.

The government's position would turn on its head the carefully tailored exception to the *Katz* protection afforded one's expectation of privacy. *See* Note, *Electronic Eavesdropping and the Right to Privacy,* 52 B.U.L.Rev. 831 (1972). Electronic devices could be installed for lengthy periods of time without antecedent authority, so long as only a suspect's conversations with police agents were offered in evidence and the enforcement officials alleged that nothing else was recorded. Under this approach a room—or an entire hotel—could be bugged permanently with impunity and with the hope that some usable conversations with agents would occur.

No case has been presented to us which would allow the government to engage in unlawful electronic surveillance and profit from the fruits of that surveillance on the ground that had a different means been employed, the recordings would have been admissible. We reject the invitation so to extend the holding of *White.*

*Affirmed.*