658 F.2d 47
 Robert BRACHE and Edna Franza, Plaintiffs-Appellees,
v.
COUNTY OF WESTCHESTER, Alfred Delbello, Kenneth Hale, Samuel
S. Yasgur, Thomas Delaney, Jerome Herlihy and
Terrence Shames, Defendants,
County of Westchester, Alfred Delbello, Kenneth Hale, Samuel
S. Yasgur, and Thomas Delaney, Defendants-Appellants.
 No. 1496, Docket 81-7211.
 United States Court of Appeals,
Second Circuit.
 Argued June 3, 1981.
Decided Aug. 18, 1981.
Rehearing and Rehearing En Banc Denied Oct. 16, 1981.
 
 Jane Bilus Gould, Senior Asst. County Atty., White Plains, N.Y. (Samuel S. Yasgur, Westchester County Atty., Jonathan Lovett, Deputy County Atty., White Plains, N.Y., on brief), for defendants-appellants.
 Richard Ware Levitt, New York City (Gerald B. Lefcourt, New York City, on brief), for plaintiffs-appellees.
 Before KAUFMAN and NEWMAN, Circuit Judges, and GAGLIARDI,* District Judge.
 NEWMAN, Circuit Judge:
 
 
 1
 In recent years several states and units of local government have enacted legislation to prohibit the sale of items used in connection with marijuana, cocaine, and other controlled substances. Many of the laws have encountered pre-enforcement challenges by merchants who claimed that the laws' definitions of "drug paraphernalia" were impermissibly vague in violation of the Due Process Clause of the Fourteenth Amendment.[1] Such challenges present troublesome issues on the merits and difficult threshold issues concerning standing and the appropriateness of equitable relief. This appeal involves a pre-enforcement challenge by two merchants to the constitutionality of Westchester County's drug paraphernalia ordinance. The District Court for the Southern District of New York (Charles S. Haight, Jr., Judge) declared the ordinance void for vagueness and permanently enjoined its enforcement. Brache v. County of Westchester, 507 F.Supp. 566 (S.D.N.Y.1981). We conclude that since the ordinance may constitutionally be applied to prohibit the plaintiffs' sale of certain items clearly within the ordinance's definition of "drug paraphernalia," the District Court should have refrained from adjudicating the validity of the ordinance as it may apply to their sale of other items. We therefore reverse.
 
 I.
 
 2
 In May 1980, the Westchester County Board of Legislators amended the County's Consumer Protection Code to include a new Article IX entitled "Sale and Display of Drug Accessories." The ordinance makes it a misdemeanor for "any merchant or other person to knowingly sell, offer for sale, or display any cocaine spoon, marijuana pipe, hashish pipe, or any other drug-related paraphernalia." The ordinance defines "drug paraphernalia" as "all equipment, products and materials of any kind which are used, intended for use, or desi(gn)ed for use in ... growing, ... preparing, testing, ... (or) ingesting ... a controlled substance," including, but not limited to, more than a dozen specified items ranging from drug test kits to "ice pipes or chillers."[2]
 
 
 3
 Plaintiffs Brache and Franza each own and operate a store in Westchester County. Each store includes a "smoking accessories" section stocked with some items that have no use other than to test or ingest controlled substances (e. g., "marijuana test kits," "free-base cocaine kits," and "toke-o-matic 20 bong hitters"), as well as other items that could be used for either lawful or unlawful purposes (e. g., pipes, spoons, and rolling papers). Shortly before the Westchester ordinance was to take effect, the plaintiffs brought this suit for declaratory and injunctive relief under 42 U.S.C. § 1983 (1976) against the County and the County officials responsible for enforcing the ordinance. The plaintiffs alleged that the ordinance is unconstitutionally vague on its face in that it fails to give fair notice of what constitutes "drug paraphernalia." To establish the existence of a live controversy with the defendants sufficient to satisfy the jurisdictional prerequisites of Article III of the Constitution, Brache alleged that he had been advised by local law enforcement officials that he would have to close his "smoking accessories" section once the ordinance went into effect, and Franza alleged that persons she recognized as plainclothes investigators had visited her "smoking accessories" section and asked questions about the uses of various items. Franza also alleged that her store had been named in the local press as being on the County's list of stores selling items that the ordinance would prohibit.
 
 
 4
 Upon receipt of the plaintiffs' papers, the District Court entered a temporary restraining order enjoining enforcement of the ordinance pending an evidentiary hearing on the plaintiffs' motion for a preliminary injunction.[3] At the hearing, which was consolidated with a trial on the merits, the plaintiffs admitted that at least some of the items they were selling could be used only for preparing, testing, or ingesting drugs and that these single-use items were plainly within the ordinance's definition of "drug paraphernalia."[4] On the basis of this testimony and other evidence, the District Court found that "both plaintiffs were knowingly selling certain items that unquestionably constituted 'drug paraphernalia' to drug users" and that "the Westchester ordinance would put them on notice, in respect of at least those items, that this was illegal." 507 F.Supp. at 573.
 
 
 5
 At that point both the defendants and the District Court encountered difficulty with the concepts of a challenge to a law on its face and a challenge to a law as applied. The defendants moved to dismiss the complaint, contending that since the ordinance could lawfully be applied to the plaintiffs' sale of single-use items, the plaintiffs lacked standing to challenge the validity of the ordinance "on its face." Id. The defendants relied on the rule that "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). The District Court responded that the validity of the ordinance as applied could not be determined for lack of a sufficient record concerning the defendants' "actual practices of enforcement" of the ordinance, and that a facial challenge was therefore appropriate. 507 F.Supp. at 573-74. By "facial challenge" the defendants and the Court appear to have meant a challenge to the ordinance as applied to all the plaintiffs' multi-use items, i. e., items that could be used either in connection with drugs or for lawful activities such as tobacco smoking.[5] Proceeding to engage in what it described as "facial analysis," the District Court examined the validity of the ordinance in light of "the full range of commercial activity that the ordinance forbids," and concluded that the ordinance provides an inadequate basis for either a retailer or a law enforcer to determine which multi-use items fall within its coverage. Id. at 574-81, 94 S.Ct. at 1247-1251. The Court declared the ordinance "impermissibly vague" and permanently enjoined its enforcement. Id. at 581, 94 S.Ct. at 1251.
 
 II.
 
 6
 Analysis of the standing issues posed by the plaintiffs' pre-enforcement challenge will be clarified by first considering the difference between facial and as-applied challenges when raised as defenses to a criminal prosecution. A statute is unconstitutionally vague on its face only when it cannot validly be applied to any conduct. United States v. Powell, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975); Parker v. Levy, 417 U.S. 733, 755, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974); Smith v. Goguen, 415 U.S. 566, 583, 94 S.Ct. 1242, 1251, 39 L.Ed.2d 605 (1974) (White, J., concurring in the judgment, with whom Burger, C.J., and Blackmun and Rehnquist, JJ., concurred in rejecting vagueness challenge); United States v. Vuitch, 402 U.S. 62, 74, 91 S.Ct. 1294, 1300, 28 L.Ed.2d 601 (1971) (White, J., concurring); Coates v. City of Cincinnati, 402 U.S. 611, 617, 91 S.Ct. 1686, 1689, 29 L.Ed.2d 214 (1971) (White, J., dissenting). Facial vagueness occurs when a statute is expressed in terms of such generality that "no standard of conduct is specified at all." Coates v. City of Cincinnati, supra, 402 U.S. at 614, 91 S.Ct. at 1688. "Such a provision simply has no core." Smith v. Goguen, supra, 415 U.S. at 578, 94 S.Ct. at 1249 (emphasis in original). On the other hand, if a statute has a core meaning that can reasonably be understood, then it may validly be applied to conduct within the core meaning, and the possibility of such a valid application necessarily means that the statute is not vague on its face. Moreover, under the traditional rule of standing expressed in Raines v. United States, supra, a defendant to whom a statute may validly be applied may not avoid conviction by contending that the statute would be unconstitutional if applied to other persons or other situations. See United States v. Powell, supra; United States v. National Dairy Products Corp., 372 U.S. 29, 32-33, 83 S.Ct. 594, 597-98, 9 L.Ed.2d 561 (1963); Williams v. United States, 341 U.S. 97, 100-02, 71 S.Ct. 576, 578-79, 95 L.Ed. 774 (1951); Robinson v. United States, 324 U.S. 282, 285-86, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945); United States v. Wurzbach, 280 U.S. 396, 399, 50 S.Ct. 167, 169, 74 L.Ed. 508 (1930).
 
 
 7
 With these principles in mind, we turn to the context of pre-enforcement challenges, in which this case arises. To maintain a pre-enforcement challenge a plaintiff must demonstrate a genuine threat that the allegedly unconstitutional law is about to be enforced against him. Steffel v. Thompson, 415 U.S. 452, 458-59, 94 S.Ct. 1209, 1215, 39 L.Ed.2d 505 (1974); O'Shea v. Littleton, 414 U.S. 488, 493-99, 94 S.Ct. 669, 674-677, 38 L.Ed.2d 674 (1974); Boyle v. Landry, 401 U.S. 77, 81, 91 S.Ct. 758, 760, 27 L.Ed.2d 696 (1971); Younger v. Harris, 401 U.S. 37, 41-42, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971); Golden v. Zwickler, 394 U.S. 103, 109-10, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969). We agree with the District Court that Brache and Franza satisfied this threshold Article III requirement, thereby permitting the District Court to proceed to adjudicate the issue of the validity of the ordinance on its face.[6] However, their facial attack failed on the merits when the District Court found that the ordinance has a core meaning that gives fair notice of its application to the sale of single-use items. This valid application of the ordinance defeats the plaintiffs' facial challenge, regardless of the possibility that vagueness objections might be encountered if the ordinance is applied to their sale of multi-use items.
 
 
 8
 The crucial procedural issue presented by this appeal is whether a district court, having properly rejected a facial challenge to a local ordinance because the ordinance would be valid as applied to one activity in which the plaintiff is engaged, should proceed to adjudicate the merits of a claim that the ordinance would be unconstitutionally vague if applied to a second activity currently engaged in by the same plaintiff. In focusing on this issue, we note that it does not appear to have been posed precisely in any case decided by the Supreme Court. Most of the Court's decisions denying a party standing to make an as-applied challenge to a statute have involved a party who claimed that the statute would be unconstitutionally vague as applied to the conduct of other persons. E. g., H. L. v. Matheson, 450 U.S. 398, 405-406, 101 S.Ct. 1164, 1169, 67 L.Ed.2d 388 (1981); County Court of Ulster County v. Allen, 442 U.S. 140, 155, 163, 99 S.Ct. 2213, 2223, 2227, 60 L.Ed.2d 777 (1979); United States v. Powell, supra. The plaintiffs in this case seek a ruling as to whether the challenged ordinance would be valid as applied to a category of conduct they are currently engaged in selling multi-use items. Though the plaintiffs' situation differs in this respect from that of the parties to whom the Supreme Court has denied standing to obtain an as-applied ruling, we think the rule of standing expressed in Raines required the District Court to decline to adjudicate their claim that the ordinance would be invalid as applied to their sale of multi-use items.[7]
 
 
 9
 Our conclusion is based primarily on the considerations underlying the Raines rule. As the Court explained in Raines, these considerations include the undesirability of unnecessary, premature, or unduly broad pronouncements on constitutional issues, the intrusiveness of a court's considering all the situations in which a law could possibly be applied, and the possibility of a limiting construction being placed on the law in the event an application of questionable validity was concretely presented. 362 U.S. at 21-22, 80 S.Ct. at 522-23. These considerations apply fully when litigants, like the plaintiffs, who engage in some conduct that could validly be prosecuted under a statute, challenge the statute's application to other conduct in which they are currently engaged.
 
 
 10
 The pertinence of these considerations is illuminated by considering what would happen if the challenge the plaintiffs make was raised in defense of a criminal prosecution. If Westchester charged the plaintiffs with violating the ordinance by selling single-use items, the considerations underlying Raines, perhaps even the precise rule of Raines, would not permit dismissal of the charges on the ground that the ordinance would be vague if applied to the plaintiffs' sale of multi-use items.
 
 
 11
 This example underscores the inappropriateness of adjudicating the plaintiffs' challenge to the ordinance as applied to their sale of multi-use items in the context of this pre-enforcement civil suit. The plaintiffs have shown only a general threat of enforcement of the ordinance. We know prosecution is imminent, but we do not know whether Westchester will prosecute the plaintiffs for selling single-use items, or for selling multi-use items, or for selling both categories of items. Since a prosecution for selling single-use items would be valid, the plaintiffs are no more entitled to prevent that prosecution now than they would be to have such a prosecution dismissed once it was brought. Moreover, even if the record contained an indication that some law enforcement official was contemplating enforcement of the ordinance as applied to the plaintiffs' sale of multi-use items, it would not follow that the plaintiffs could secure an adjudication of their claim. Since they can validly be prosecuted for selling single-use items, it is reasonable to assume that the local prosecuting authorities will proceed initially with the case that encounters no constitutional infirmity. As long as the plaintiffs are selling single-use items to which the ordinance may validly be applied, even an articulated threat of broader enforcement should not enable them to challenge other applications of the ordinance until a broader use of the ordinance is actually initiated. Cf. O'Shea v. Littleton, supra, 414 U.S. at 497, 94 S.Ct. at 676; Laird v. Tatum, 408 U.S. 1, 13-14, 92 S.Ct. 2318, 2325-26, 33 L.Ed.2d 154 (1972); Boyle v. Landry, supra, 401 U.S. at 81, 91 S.Ct. at 760; Younger v. Harris, supra; Golden v. Zwickler, supra.
 
 
 12
 The Supreme Court has been willing to permit adjudication of challenges to the constitutionality of statutes when adjudication was not strictly necessary only in very limited circumstances involving "weighty countervailing policies." See United States v. Raines, supra, 362 U.S. at 22, 80 S.Ct. at 523. The Court has often relaxed its prudential rules of standing when the merits of a challenge involved First Amendment rights. See Broadrick v. Oklahoma, 413 U.S. 601, 611-12, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973).[8] And these rules have been relaxed to permit a litigant to assert the fundamental rights of persons who had no effective means of asserting their own rights. See, e. g., Eisenstadt v. Baird, 405 U.S. 438, 444-46, 92 S.Ct. 1029, 1033-34, 31 L.Ed.2d 349 (1972); NAACP v. Alabama, 357 U.S. 449, 459-60, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958); Barrows v. Jackson, 346 U.S. 249, 257, 73 S.Ct. 1031, 1035, 97 L.Ed. 1586 (1953). Even when First Amendment rights are asserted, a litigant is denied standing to litigate an overbreadth challenge to a statute that can constitutionally be applied to his conduct unless a ruling is necessary to avert a "real" and "substantial" restraint on protected expression. Broadrick v. Oklahoma, supra, 413 U.S. at 615, 93 S.Ct. at 2917.
 
 
 13
 Two recent applications of this restrictive approach to the standing of litigants to assert overbreadth claims are pertinent to the plaintiffs' standing in this case. Litigants were denied standing to assert overbreadth claims against a statute banning advertising of legal services in Bates v. State Bar of Arizona, 433 U.S. 350, 380, 97 S.Ct. at 2707, 53. L.Ed.2d 810(1977), and an agency ruling banning radio broadcasting of "indecent speech" in FCC v. Pacifica Foundation, 438 U.S. 726, 743, 98 S.Ct. 3026, 3037, 57 L.Ed.2d 1073 (1978). The litigants in those cases surely had as strong an interest in knowing whether other advertisements could be placed or other broadcasts could be aired as the plaintiffs have in knowing whether multi-use items may be sold. But those litigants secured adjudication only of the narrow issue whether the challenged statute or ruling could validly be applied to the one advertisement or one broadcast before the Court. The advertisers won, and the broadcaster lost. The plaintiffs in this case, having lost their challenge to the ordinance as applied to their sale of single-use items, have no standing to secure a broader ruling concerning multi-use items, especially since their claims, unlike those in Bates and Pacifica, involve no First Amendment concerns.[9]
 
 
 14
 Our conclusion is reinforced by basic principles of equity and comity. It would be a singularly inappropriate use of a court's equitable jurisdiction to grant relief to plaintiffs currently selling single-use items to which the challenged ordinance may validly be applied, especially when the plaintiffs have shown no willingness to remove those items from their shelves.[10] Just as equity will not spare them the anxiety and expense of enduring a valid prosecution, it should not relieve them of uncertainty about the reach of an allegedly vague law that does not burden fundamental freedoms, so long as the law clearly prohibits at least some of their ongoing conduct. See O'Shea v. Littleton, supra, 414 U.S. at 499-504, 94 S.Ct. at 677-80; Younger v. Harris, supra, 401 U.S. at 43-46, 50-51, 91 S.Ct. at 750-51, 753-54; Boyle v. Landry, supra; Dombrowski v. Pfister, 380 U.S. 479, 491-92 & n.7, 85 S.Ct. 1116, 1123-24, n.7, 14 L.Ed.2d 22 (1965); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).
 
 
 15
 All the foregoing considerations apply with special force to a challenge brought in federal court against the law enforcement authority of a local government. Once the District Court determined that the ordinance could validly be applied to the plaintiffs' sale of single-use items, pre-enforcement consideration of the plaintiffs' claim based on the ordinance's possible application to their sale of multi-use items constituted an unwarranted interference with good faith local law enforcement. See Steffel v. Thompson, supra, 415 U.S. at 475-76, 94 S.Ct. at 1223-24 (Stewart, J., concurring); Younger v. Harris, supra; Dombrowski v. Pfister, supra.
 
 
 16
 For all these reasons, the judgment declaring the ordinance unconstitutional and enjoining its enforcement is reversed, and the cause remanded with directions to enter a judgment (1) declaring the ordinance valid on its face and valid as applied to the plaintiffs' sale of items used only for preparing, testing, or ingesting drugs, and (2) dismissing for lack of standing the plaintiffs' challenge to the ordinance's application to their sale of other items.
 
 
 
 *
 The Honorable Lee P. Gagliardi of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 See, e. g., The Casbah, Inc. v. Thone, 651 F.2d 551 (8th Cir. 1981); Hejira Corp. v. MacFarlane, 660 F.2d 1356, (10th Cir. 1981); The Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates, 639 F.2d 373 (7th Cir. 1981), prob. juris. noted, --- U.S. ----, 101 S.Ct. 3028, 69 L.Ed.2d 404 (1981); Record Revolution No. 6, Inc. v. City of Parma, 638 F.2d 916 (6th Cir. 1980), vacated and remanded, --- U.S. ----, 101 S.Ct. 2998, 69 L.Ed.2d 384 (1981); High Ol' Times, Inc. v. Busbee, 621 F.2d 135 (5th Cir. 1980); Geiger v. City of Eagan, 618 F.2d 26 (8th Cir. 1980)
 
 
 [2]
 The full text of the ordinance is set forth in the District Court's opinion. 507 F.Supp. at 567-70
 
 
 [3]
 The life of the temporary restraining order was subsequently extended with the defendants' consent to maintain the status quo pending the District Court's entry of a final judgment. See 507 F.Supp. at 567
 
 
 [4]
 The plaintiffs initially testified that they did not know what any of their items might be used for, alleging that their only interest was in selling the items for profit. On cross-examination, however, they acknowledged that such items as "marijuana test kits," "free-base cocaine kits," and "coke-kits" have no realistic use other than to test or ingest controlled substances. The District Court rejected the plaintiffs' initial denials of knowledge as "unworthy of belief." 507 F.Supp. at 573
 
 
 [5]
 In determining that the plaintiffs have standing to adjudicate the validity of the ordinance in its possible application to their sale of multi-use items, the District Court relied on the First Circuit's analysis of the standing question in Goguen v. Smith, 471 F.2d 88, 92 (1st Cir. 1972), aff'd, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974), a habeas corpus case allowing vagueness and overbreadth challenges to a state flag-misuse statute by a defendant convicted of violating the statute by sewing a flag to the seat of his jeans. In affirming the First Circuit, the Supreme Court majority upheld the challenge to the vagueness of the statute, concluding that the statute could not lawfully be applied even to the defendant's allegedly "hard-core" conduct. See 415 U.S. at 577-78, 94 S.Ct. at 1249. The concurring Justices rejected the vagueness challenge because the statute had an understandable core meaning; they nevertheless agreed to reverse the conviction because the statute violated the defendant's First Amendment rights. No member of the Court gave any endorsement to the First Circuit's analysis of standing, which had permitted the defendant to assert the invalidity of the ordinance as applied to conduct "closely related" to his own. 471 F.2d at 92
 
 
 [6]
 We are willing to agree with the District Court that the plaintiffs, having satisfied Article III, may bring a pre-enforcement facial challenge primarily because the defendants made no threshold objection to the plaintiffs' right to sue; their attack on the plaintiffs' standing was made only after it became evident that the ordinance could lawfully be applied to the plaintiffs' sale of single-use items. We note, however, that there does not appear to be any modern Supreme Court authority for the proposition that a seller of goods may obtain a federal pre-enforcement ruling as to the vagueness of a state statute, in the absence of any claim that the seller or a prospective customer has a constitutional right to sell or buy the goods. Cf. Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976) (beer vendor had standing to litigate issue whether statute prohibiting sale of beer to males under 21 but permitting sale to females over 18 violated males' right to equal protection). But see Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402 (1925). The Court has stated that when a "plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he 'should not be required to await and undergo a criminal prosecution as the sole means of securing relief.' " Babbitt v. United Farm Workers National Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979), quoting Doe v. Bolton, 410 U.S. 179, 181, 93 S.Ct. 739, 742, 35 L.Ed.2d 201 (1973) (emphasis added). See Steffel v. Thompson, supra, 415 U.S. at 459-62, 94 S.Ct. at 1215-1217. The constitutional right the plaintiffs assert is not the absolute right to sell their wares, but only the due process right not to be subjected to criminal penalties on the basis of a statute of uncertain meaning. See Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939). The vindication of that right in pre-enforcement proceedings would undoubtedly be useful to businessmen facing vague economic regulations, but their entitlement in the post-Lochner era to federal court rulings in advance of attempted enforcement by state authorities remains to be determined, perhaps soon. See Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., --- U.S. ----, 101 S.Ct. 3028, 69 L.Ed.2d 404 (1981), noting probable jurisdiction in The Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates, 639 F.2d 373 (7th Cir. 1981)
 
 
 [7]
 Raines teaches that a party to whom a statute may constitutionally be applied lacks standing to challenge the statute on the ground that it would be unconstitutional as applied to "other persons" or "other situations." 362 U.S. at 21, 80 S.Ct. at 522. If "other situations" means any circumstance in which the plaintiff is no longer engaging in conduct that may constitutionally be prohibited, then Raines would precisely apply to the plaintiffs, since they came to court engaging in conduct to which the ordinance may constitutionally be applied selling single-use items. However, it is possible to interpret "other situations" to mean any circumstance in which the plaintiff would be engaging in conduct other than his present activities as he stands before the court. Under that interpretation, Raines would not precisely apply to the plaintiffs since they do not seek a ruling as to any hypothetical conduct they might engage in. But even if Raines should be understood not to apply to the plaintiffs directly, the force of its reasoning is fully applicable to their situation
 
 
 [8]
 Compare Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620, 633-34, 100 S.Ct. 826, 834-35, 63 L.Ed.2d 73 (1980); Bigelow v. Virginia, 421 U.S. 809, 817, 95 S.Ct. 2222, 2230, 44 L.Ed.2d 600 (1975); Lewis v. City of New Orleans, 415 U.S. 130, 133-34, 94 S.Ct. 970, 972, 39 L.Ed.2d 214 (1974); Grayned v. City of Rockford, 408 U.S. 104, 114-21, 92 S.Ct. 2294, 2302-06, 33 L.Ed.2d 222 (1972); Gooding v. Wilson, 405 U.S. 518, 520-22, 92 S.Ct. 1103, 1105-06, 31 L.Ed.2d 408 (1972); United States v. Robel, 389 U.S. 258, 265-66, 88 S.Ct. 419, 424, 19 L.Ed.2d 508 (1967); Aptheker v. Secretary of State, 378 U.S. 500, 515-17, 84 S.Ct. 1659, 1668-69, 12 L.Ed.2d 992 (1964); Cramp v. Board of Public Instruction, 368 U.S. 278, 282-85, 82 S.Ct. 275, 278-79, 7 L.Ed.2d 285 (1961); and Thornhill v. Alabama, 310 U.S. 88, 98, 60 S.Ct. 736, 742, 84 L.Ed. 1093 (1940) with Haig v. Agee, --- U.S. ----, ---- n.60, 101 S.Ct. 2766, 2782 n.60, 69 L.Ed.2d 640 (1981); FCC v. Pacifica Foundation, 438 U.S. 726, 742-43, 98 S.Ct. 3026, 3036-37, 57 L.Ed.2d 1073 (1978); Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 462 n.20, 98 S.Ct. 1912, 1921 n.20, 56 L.Ed.2d 444 (1978); Bates v. State Bar of Arizona, 433 U.S. 350, 379-81, 97 S.Ct. 2691, 2706-07, 53 L.Ed.2d 810 (1977); Young v. American Mini Theatres, Inc., 427 U.S. 50, 58-61, 96 S.Ct. 2440, 2446-47, 49 L.Ed.2d 310 (1976); Parker v. Levy, 417 U.S. 733, 756-61, 94 S.Ct. 2547, 2561-2564, 41 L.Ed.2d 439 (1974); California v. LaRue, 409 U.S. 109, 119 n.5, 93 S.Ct. 390, 397 n.5, 34 L.Ed.2d 342 (1972)
 
 
 [9]
 The plaintiffs referred to the First Amendment in their complaint, but because they did not pursue a First Amendment claim at trial, the District Court properly declined to rule on any possible First Amendment issues. See 507 F.Supp. at 581. No First Amendment claim has been urged on this appeal
 
 
 [10]
 Cf. United States v. Korpan, 354 U.S. 271, 276-77, 77 S.Ct. 1099, 1102, 1 L.Ed.2d 1337 (1957); United States v. Ragen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383 (1942)