No. 75–428. McKINNEY *v.* PARSONS. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view, stated in previous opinions by himself [1] and by

---

[1] *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (dis-

Mr. Justice Black,[2] that any state ban on, or regulation of, obscenity abridges freedom of speech and of the press contrary to the First and Fourteenth Amendments, would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was convicted in the Circuit Court of Jefferson County, Ala., of violating the obscenity ordinance of the city of Birmingham. Birmingham Ordinance No. 67–2, § 3, provides in pertinent part:

> "It shall be unlawful for any person to knowingly . . . exhibit, distribute or have in his possession with intent to distribute, exhibit, sell or offer for sale . . . any obscene matter."

As used in Ordinance No. 67–2, "obscene" meant at the time of the alleged offenses:

> "that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters." § 1.

On direct appeal, the Alabama Court of Criminal Appeals dismissed when petitioner's appellate brief was untimely filed. Petitions for writs of certiorari were filed with the Supreme Court of Alabama and denied. A petition for a writ of certiorari was filed with this Court and denied for the reason that the judgment below rested upon an adequate state ground. *McKinney* v.

---

senting); *Memoirs* v. *Massachusetts,* 383 U. S. 413, 426–433 (1966) (concurring in judgment).

[2] *Mishkin* v. *New York,* 383 U. S. 502, 515–518 (1966) (dissenting).

*Birmingham,* 409 U. S. 895 (1972). Thereafter, a petition for habeas corpus relief was filed in the United States District Court for the Northern District of Alabama. Habeas relief was ultimately denied, and on appeal the Fifth Circuit affirmed. 513 F. 2d 264.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, Ordinance No. 67–2 as it existed at the time of the alleged offenses was constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment, and remand the case for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I, supra.*\* See *Wasserman* v. *Municipal Court of Alhambra Judicial District,* 413 U. S. 911 (1973) (BRENNAN, J., dissenting). In that circumstance, I have no occasion to consider whether the other questions presented in this case merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

NOVEMBER 17, 1975

---

\*Although four of us would grant certiorari and vacate the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.