560 F.2d 720
 Michael ROBINSON, Petitioner-Appellant,
v.
James C. PARSONS, In his capacity as Chief of Police, City
of Birmingham, Alabama, Respondent-Appellee. No. 77-1353.
George HARLOW, Petitioner-Appellant,
v.
James C. PARSONS, In his capacity as Chief of Police, City
of Birmingham, Alabama, Respondent-Appellee. No. 77-1359.
Thomas D. McGARY, Petitioner-Appellant,
v.
James C. PARSONS, In his capacity as Chief of Police, City
of Birmingham, Alabama, Respondent-Appellee.
 Nos. 77-1345, 77-1353 and 77-1359.
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 11, 1977.
 Ferris S. Ritchey, Jr., Birmingham, Ala., for petitioner-appellant.
 Herbert Jenkins, Jr., Birmingham, Ala., for respondent-appellee.
 Appeals from the United States District Court for the Northern District of Alabama.
 Before GOLDBERG, CLARK and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants challenge their state-court convictions of knowingly selling obscene materials in violation of Birmingham City Ordinance 67-2.[1] The district court, on the basis of the state court record, denied habeas relief. We affirm.
 
 
 2
 Appellants first attack the ordinance. They argue it was unconstitutionally vague, failing to give them fair warning that their activities were illegal. They also advance the separate claim that the ordinance, as construed by the Alabama courts, fails to accord with the requirement of Miller v. California, 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), that the proscribed sexual conduct be specifically defined. We reject these claims on the authority of McKinney v. Parsons, 513 F.2d 264 (5th Cir.), cert. denied, 423 U.S. 960, 96 S.Ct. 276, 46 L.Ed.2d 289 (1975), which dealt with this same ordinance and found these same contentions unavailing.[2]
 
 
 3
 Appellants also contend that the relevant publications were not obscene under the governing standards. Because appellants' sales occurred prior to the decision in Miller v. California, supra, they are entitled to any benefits of the then-prevailing standards of Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966) (plurality opinion). They may also invoke any benefits of Miller. See Marks v. United States, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). The Alabama courts and the district court on this habeas challenge found these materials obscene under both Memoirs and Miller. That conclusion violates the standards of neither case. The decision is
 
 
 4
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 That ordinance has apparently been repealed. See McKinney v. Parsons, 513 F.2d 264, 266 n.1 (5th Cir.) (quoting ordinance in full), cert. denied, 423 U.S. 960, 96 S.Ct. 376, 46 L.Ed.2d 289 (1975)
 
 
 [2]
 The firm rule in this circuit is to adhere to a prior panel's decision absent intervening contrary authority from the Supreme Court or our en banc court. Here the only relevant intervening authority is Ward v. Illinois, 431 U.S. 767, 97 S.Ct. 2085, 52 L.Ed.2d 738 (1977), which does not undermine McKinney. We thus reject appellants' attack on McKinney and adhere to its holding