354 So.2d 866 (1978)
Ernest FAUST, Appellant,
v.
STATE of Florida, Appellee.
No. 50300.
Supreme Court of Florida.
January 12, 1978.
Jack O. Johnson, Public Defender, and Paul J. Martin, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
KARL, Justice.
This cause is before us on direct appeal from a final judgment of the trial court inherently passing on the constitutional validity of Section 827.03, Florida Statutes (1975), thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution. Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959); Demko's Gold Coast Trailer Park, Inc. v. Palm Beach County, 218 So.2d 745 (Fla. 1969).
Appellant was charged by information with two counts of aggravated child abuse contrary to Section 827.03, Florida Statutes (1975). He filed a motion to dismiss the *867 information alleging inter alia that the statute under which he was charged is violative of his due process rights. In the hearing on the motion to dismiss, he argued that his due process rights were being violated because the statute is unconstitutionally vague. Inherently upholding the constitutional validity of the statute, the trial judge denied the motion to dismiss.
Upon denial of his motion by the trial judge, appellant changed his plea of not guilty to nolo contendere and reserved his right to appeal the constitutionality of the statute.[1] He was adjudicated guilty and sentenced to eight years imprisonment.
Appellant argues that the trial court erred in denying his motion to dismiss the information since Section 827.03, Florida Statutes (1975), is unconstitutionally vague and overbroad.
Section 827.03, Florida Statutes (1975), provides:
"827.03 Aggravated child abuse.  Whoever:
(1) Commits aggravated battery on a child;
(2) Willfully tortures a child;
(3) Maliciously punishes a child; or
(4) Willfully and unlawfully cages a child shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
Appellant concedes that the language in subsection (1) is sufficiently definite.
We find that Section 827.03, Florida Statutes, is not unconstitutionally vague and indefinite since it conveys a sufficiently definite warning to those subject to its provisions what conduct on their part will render them liable to its penalties. Cf. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); Zachary v. State, 269 So.2d 669 (Fla. 1972); Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934).
In Jordan v. State, 334 So.2d 589 (Fla. 1976), this Court held that the predecessor to the statute under consideration, which was Section 828.04(1), Florida Statutes (1973), was not unconstitutionally vague. Section 828.041(1), Florida Statutes (1973), identical to the statute in question insofar as the conduct proscribed thereby is concerned, provided:
"Whoever unlawfully or willfully tortures, cages, or mutilates, or whoever cruelly, wantonly, or with malice, torments or punishes, any child under the age of sixteen years or whoever, in committing a battery upon any child under the age of sixteen years, intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement to such child is guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
Responding to the constitutional attack on this statute based on vagueness, this Court opined in Jordan v. State, supra:
"The statute here under consideration sets forth three distinct crimes, each of which is punishable as a second degree felony. The first is the act of unlawfully or willfully torturing, caging, or mutilating a child under the age of sixteen years. *868 The second is the cruel, wanton, or malicious tormenting or punishing of such a child. The third is the intentional or knowing infliction of great bodily harm, permanent disability, or permanent disfigurement to a child under the age of 16 years while committing a battery upon the child. The description of these independent crimes is sufficiently clear that a person of ordinary intelligence can ascertain what conduct is proscribed `when measured by common understanding and practice.' [Cases cited.] This Court held when the predecessor to Section 828.04, Florida Statutes, was challenged that the phrase `unnecessarily and excessively chastises', [sic] which remains in subsection (2) of the instant statute, was sufficiently definite when viewed from this standpoint. Campbell v. State, 240 So.2d 298 (Fla. 1970). The Court's reasoning there applies with equal force to the language at issue here."
Both the instant statute and its predecessor utilize substantially the same language to proscribe substantially identical conduct, although the current statute takes an outline form.
Furthermore, the term "torture," as employed in the present statute, is now defined by Section 827.01(3), Florida Statutes (1975), as follows:
"`Torture' means every act, omission, or neglect whereby unnecessary or unjustifiable pain or suffering is caused."
Rather than creating vagueness, as appellant contends, this statutory definition of torture lends clarity to the statute contested sub judice.
We find this statute neither unconstitutionally vague, since a person of ordinary intelligence can ascertain what conduct is prohibited by the act, nor overbroad, for it does not set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained. Cf. United States v. Reese, 92 U.S. 214, 23 L.Ed. 563 (1876); State v. Wershow, 343 So.2d 605 (Fla. 1977).
Accordingly, the judgment of the trial judge is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] During the hearing on the change of plea from not guilty to nolo contendere, in response to the trial judge's inquiry as to what the State is prepared to prove in the prosecution of this case, the State Attorney responded:

"Your Honor, on the evening of May 12, 1976, this individual was observed chasing a young three-year old boy, by the name of Matthew Hopkins, outside of his apartment where he resided and striking him in the stomach area as well as on top of the head with a blunt instrument.
"Subsequent to that time the State would show that an individual living in an apartment in the area heard screams and howls coming from the apartment that the individual was living in, and thereupon approximately fifteen minutes later an officer arrived at the scene and went to the house and found the children in the bedroom, Matthew, three years old, and Robbie, six years old, both bound tightly with a string-type substance and Matthew having at the time his mouth sealed with tape with a gag being placed inside the mouth which Matthew, the three-year old, had vomited into, and finding Robbie simply tied up; one individual hanging or being hung from a door knob of the door and the other individual hanging from a hinge of the door, not dangling, but their hands were above their heads being held in this position."