Daisy Chambers was indicted and convicted for child abuse. Sentence was set at three years' imprisonment.
Two questions are presented on this appeal: (1) The constitutionality of Alabama's new child abuse law, Section26-15-1 through Section 26-15-4, Code of Alabama 1975, and (2) the sufficiency of the indictment to charge an offense under that act.
 I
Section 26-15-3, Code of Alabama 1975, of the present Alabama Child Abuse Act states:
 "A responsible person, as defined in section 26-15-2, who shall torture, willfully abuse, cruelly beat or otherwise willfully maltreat any child under the age of 18 years shall, on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than 10 years."
The appellant contends that this provision is too vague and indefinite to be enforceable as a penal statute. Seizing upon the language of this court in State v. Ballard, 341 So.2d 957,962 (Ala.Cr.App.), cert. denied, 341 So.2d 962 (Ala. 1977), he maintains the statute renders the defendant helpless in forming and presenting her defense. He argues that the words "torture" and "willfully abuse" are vague and indefinite and destroy the constitutional validity of the statute.
In Jordan v. DeGeorge, 341 U.S. 223, 230-231, 71 S.Ct. 703,707-708, 95 L.Ed. 886 (1951), the United States Supreme Court succinctly stated the general principles involved when a statute is constitutionally challenged for vagueness.
 "The essential purpose of the `void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct. Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774, decided April 23, 1951; Screws v. United States, 1945, 325 U.S. 91, 103-104, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495. This Court has repeatedly stated that criminal statutes which fail to give due notice that an act has been made criminal before it is done are unconstitutional deprivations of due process of law. Lanzetta v. State of New Jersey, 1939, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; United States v. L. Cohen Grocery Co., 1921, 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516."
* * * * * *
 "We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. United States v. Wurzback, 1930, 280 U.S. 396, 399, 50 S.Ct. 167, 168, 74 L.Ed. 508. Impossible standards of specificity are not required. United States v. Petrillo, 1947, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877. The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Page 418 Connally v. General Construction Co., 1926, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322."
Recent decisions have upheld these doctrines. Grayned v. Cityof Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222
(1972); Colten v. Commonwealth of Kentucky, 407 U.S. 104,92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); United States v. Powell,423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); McKinney v.Parsons, 513 F.2d 264 (5th Cir.), cert. denied, 423 U.S. 960,96 S.Ct. 376, 46 L.Ed.2d 289 (1975); Piggly-Wiggly ofJacksonville, Inc. v. City of Jacksonville, 336 So.2d 1078
(Ala. 1976); Bolin v. State, 266 Ala. 256, 96 So.2d 582 (1957);Tyus v. State, 347 So.2d 1377 (Ala.Cr.App.), cert. denied,347 So.2d 1384 (Ala. 1977); Ballard, supra; Blocker v. State,40 Ala. App. 658, 120 So.2d 924 (1960). Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. U.S. v.Powell, supra; United States v. Mazurie, 419 U.S. 544,95 S.Ct. 710, 42 L.Ed.2d 706 (1975).
Applying these principles to the statute and facts before us, we uphold the constitutionality of Alabama's new Child Abuse Act.
In State v. Killory, 73 Wis.2d 400, 243 N.W.2d 475 (1976), the Supreme Court of Wisconsin held that its child abuse statute was not unconstitutional in its use of the term "cruel maltreatment". The court specifically held that the terms utilized in the statute were sufficiently definite in meaning, in accordance with their common usage and understanding, to meet constitutional standards. Likewise, in State v. Fahy,201 Kan. 366, 440 P.2d 566 (1968), the Supreme Court of Kansas held that "words like `beat', `abuse', `torture', `cruelty', and `traumatic'" provide "reasonable definite standards which one reading the (child abuse) statute can understand and contemplate". Fahy, 440 P.2d 569-570.
Other child abuse laws containing similar terms have withstood the "test for vagueness". State v. Samter, 4 Or. App. 349, 479 P.2d 237 (1971), "cruelly mistreats and maltreats";Hunter v. State, 360 N.E.2d 588 (Ind.App. 1977), "habitually tormenting, vexing or afflicting", "inflicting unnecessarily severe corporal punishment", "unnecessarily suffering or pain, either mental or physical", "unnecessary hardship, fatigue or mental or physical strains that may tend to injure the health or physical or moral well-being of such child"; Bowers v.State, 38 Md. App. 21, 379 A.2d 748 (1978), "cruel or inhuman treatment"; Jordan v. State, 334 So.2d 589 (Fla. 1976), "unlawfully or willfully torturing, caging, or mutilating", "the cruel, wanton, or malicious tormenting or punishing", "the intentional or knowing infliction of great bodily harm, permanent disability, or permanent disfigurement"; Campbell v.State, 240 So.2d 298 (Fla. 1970), "unnecessarily and excessively chastises"; Faust v. State, 354 So.2d 866 (Fla. 1978), "willfully tortures", "maliciously punishes", "willfully and unlawfully cages". In each of these cases the court found the particular statute not unconstitutionally vague since a person of ordinary intelligence can ascertain what conduct is prohibited by the act.
In the Alabama statute, the use of the words "willful abuse" and "torture" in defining what constitutes child abuse are not so vague and indefinite as to render the statute void for vagueness. Each term has a commonly understood meaning which does not leave a person of ordinary intelligence in doubt as to its purport. The new Alabama Child Abuse Act, Section 26-15-1
through Section 26-15-4, Code of Alabama 1975, defines the crime of child abuse with appropriate certainty and definiteness and conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices. This new Child Abuse Act was enacted in response to the constitutional infirmities of its predecessor. Ballard, supra. The new act passes constitutional muster.
 II
The indictment, omitting its formal portions, charges that *Page 419 
 "Daisy Chambers, Alias Daisy Washington, whose name is otherwise unknown to the Grand Jury, did while a responsible person, to-wit: The natural mother of Karen Chambers, having permanent or temporary care or custody or responsibility for the supervision of said Karen Chambers, tortue (sic), willfully abuse, cruelly beat or otherwise willfully maltreat Karen Chambers, a child under the age of eighteen (18) years, by beating said child with a belt and hand, . . "
It is argued that this indictment is insufficient to inform the appellant of the crime with which she was charged. Seizing on the language of this Court in State v. Ballard, 341 So.2d 957
(Ala.Cr.App. 1976), cert. denied, 341 So.2d 962 (Ala. 1977), it is argued that the accused did not receive sufficient information to enable her to reasonably understand, not only the nature of the offense, but the particular act or acts touching which she must be prepared to present her defense.
The indictment must contain the elements of the offense intended to be charged and sufficiently appraise the defendant of what he must be prepared to meet. Russell v. United States,369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Andrews v.State, 344 So.2d 533 (Ala.Cr.App.), cert. denied,344 So.2d 538 (Ala. 1977); Section 15-8-25, Code of Alabama 1975. Reading the indictment as a whole, the accused should receive sufficient information to enable him to reasonably understand not only the nature of the offense but the particular act or acts touching which he must be prepared with his proof. Donaheyv. City of Montgomery, 43 Ala. App. 20, 178 So.2d 832, cert. denied, 278 Ala. 708, 178 So.2d 837 (1965). The indictment must state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding, "neither a Solomon nor a simpleton", to know what is intended. Section 15-8-25, Code of Alabama 1975;Manson v. State, 349 So.2d 67 (Ala.Cr.App.), cert. denied,349 So.2d 86 (Ala. 1977). Here the accusation against Chambers is clear and definite. Under the indictment she is charged with torturing, willfully abusing, cruelly beating, or otherwise willfully maltreating her daughter by "beating said child with a belt and hand". This indictment states sufficient facts, in ordinary and concise language, to enable the appellant to understand both the nature of the crime charged and the particular acts against which she must prepare her defense.
A defendant who was called upon to answer an indictment which tracked the language of our old child abuse statute (Title 14, Section 41 (1), Code of Alabama 1940, Recompiled 1958),
 "could be put in an impossible position in preparing to defend himself against charges of `unjustifiable pain' or `ordinary and reasonable punishment'. These are subjective terms and there are no standards whereby one can determine what constitutes the crime. He might appear in court to adequately defend himself against charges that he `hit, beat, struck, cut, stabbed, burned or scalded' a child. On the other hand, he might be met with evidence adduced by the State that he chained his child to a bed in a dark room without food or water. No one would contend for a moment that such an act would not be `unjustifiable pain' or would constitute `ordinary and reasonable punishment', yet the defendant would be helpless in preparing his defense to such evidence. Such language is vague, indefinite and overbroad and cannot pass constitutional muster." Ballard, 341 So.2d at 962.
The present indictment and statute are not subject to the same objection. The present indictment was specific in its averments (1) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury, (2) to enable the defendant to prepare for his defense, (3) to allow the judgment to protect the defendant and foreclose the possibility of being twice put in jeopardy for the same offense, and (4) to enable the trial court after conviction to pronounce judgment *Page 420 
on the record. Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala. 1977).
We have searched the record for error prejudicial to the appellant and found none. The Child Abuse Act is constitutional and the indictment in this case sufficiently charged the crime of child abuse. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.