LEIGH M. CLARK, Retired Circuit Judge.
The first issue presented by appellant is stated by him in his brief as follows:
“Whether Alabama’s Child Molestation Statute (Section 13-1-113, Code of Alabama 1975) is violative of the due process clause of the Fourteenth Amendment of the Federal Constitution on the ground of vagueness.”
We quote the pertinent part of the cited statutory law:
“It shall be unlawful for any person to take or attempt to take any immoral, improper or indecent liberties with any child of either sex under the age of 16 years with intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or to commit, or attempt to commit any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with an intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child; provided, that such section shall not apply to the enumerated acts where the purpose of the person committing such act or acts is to render medical or surgical treatment or when the persons are married legally one to another.”
Appellant acknowledges that this Court has upheld the particular statutory law against an attack that it is so vague that it furnishes basis for noncompliance with due process of láw in Blocker v. State, 40 Ala.App. 658, 120 So.2d 924, but insists that the decision in Blocker must yield to what has been held or said in some cases cited by him from other jurisdictions. He cites none that can be said to be in conflict with what was held in Blocker, supra. He emphasizes the concern that some courts have seemingly had as to the meaning of some of the words found in the statute, such as “lewd” and “lascivious.” Neither word is new, and we would not change the meaning of either from that expressed in 1896 by the Supreme Court:
“. . . the words ‘obscene,’ ‘lewd,’ and ‘lascivious,’ as used in the statute, signify that form of immorality which has relation to sexual impurity, and have the same meaning as is given them at common law in prosecution for obscene libel. ...” Swearingen v. United States, 161 U.S. 448, 16 S.Ct. 562, 40 L.Ed. 765, 766.
The statute there under consideration was a statute of the Congress proscribing the transmission of “obscene, lewd, and lascivious” material through the mails. By even stronger reason it meets constitutional tests in a case like this in which no First Amendment rights are involved.
Code of Alabama 1975, § 13-1-113 gave “due notice that an act has been made criminal before it is done” and “conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.[1]
*156 In Chambers v. State, Ala.Cr.App., 364 So.2d 416, the subject is treated comprehensively in dealing with the Alabama Child Abuse Act, (Code 1975 § 26-15-3). In applying principles stated therein, we hold again, as was held in Blocker v. State, supra, that the Code section now under consideration is not unconstitutional by reason of any claimed vagueness.
An additional consideration leads to the same result in this particular case. If it be assumed that there could be borderline conduct that raises a serious question whether it comes with the condemnation of a statute, this of itself would not destroy its applicability to conduct that unquestionably is proscribed by the statute. According to the evidence for the State, including the testimony of the alleged victim, the conduct of defendant was in ordering, and by duress causing, her to engage in an act of fellatio with him. Not only did defendant deny such act, but also he denied any conduct that bordered on conduct covered by the statute.
“Vagueness challenges to statutes that do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. ...” Chambers v. State, supra, 364 So.2d, p. 418.
The importance of a correct determination of the issue raised by appellant has prompted the foregoing portion of this opinion. However, it was not necessary to a correct determination of whether the judgment of the trial court should be reversed. Even if appellant were correct in his contention, he would not be entitled to a reversal. A reversal on the ground that a statute under which one was tried and convicted is unconstitutional is not permitted unless the question was raised in the trial court. Barclay v. State, Ala.Cr.App., 368 So.2d 579 (1979).
Defendant did raise the point in the trial court,-but not until he included it in one of the grounds of his motion for a new trial, which motion was overruled. There is good reason for the principle that such questions should be raised before the entry of defendant’s plea, or at least before the status of the responsive pleading has become finally fixed. As a general rule, it would be only at that time that the court could act properly, without injustice to either party. The indictment followed largely the language of Code 1975, § 15-1-113. If the defendant could have convinced the court that he should not be required to plead to the indictment, by reason of the vagueness of either the statute or the indictment, or both, the State could have then taken appropriate action, which would not have been unjust to defendant, such as moving for a nolle prosequi of the case and asking a grand jury for a new indictment that by specifically charging fellatio would have removed any question as to vagueness, or it could have probably proceeded successfully against defendant with a prosecution against him for the commission of a crime against nature (Code 1975, § 13-1-110).
Appellant’s second issue is whether the State proved that the alleged offense was committed within Jackson County. It did. A part of the testimony of the victim was as follows:
“Q. Where did this happen at, do you know?
“A. Jackson County 75.
“THE COURT: At where?
“A. Jackson County 75.”
The final insistence of appellant is that the trial court erred in overruling defendant’s motion for a continuance of the hearing of his motion for a new trial. Defendant was represented on the trial by employed counsel. After he was convicted and sentenced, he made it known that he would take an appeal. The court appointed counsel by reason of defendant’s established indigency. His new and different counsel filed a motion for a new trial. The transcript as to the motion for a continuance is rather lengthy, but it is to be summarized by saying that defendant’s appointed counsel desired to have a transcript of the proceedings, which was then in a state of preparation for an appeal, in order to be better able, as he saw it, to bring to the attention of the court grounds that would entitle him *157 to a new trial. We think that under ordinary circumstances this was a reasonable request, but the trial court took the position that defendant’s counsel did not need the transcript in order to present and argue to the court any possible ground for a new trial. A part of the court’s statement was as follows:
“Well, Mr. Hodges, what I am trying to understand is if you don’t wish to offer any evidence on the motion and if the transcript is available to you after having an opportunity to review it, I still, what I am trying to understand how that would benefit you in connection with the submission of a motion for a new trial.”
The colloquy continued:
“MR. HODGES: It’s not available to me.
“THE COURT: If it is-
“MR. HODGES: I can’t be prepared to recite to Your Honor if the Court erred or did not err in admission of evidence, until I see that.
“THE COURT: You have averred that the Court did err.
“MR. HODGES: Yes, sir; I did to protect my client, to add additional grounds.
“THE COURT: Yes, sir. The motion for continuance is denied. Do you wish to be heard on the motion or wish to offer' evidence on the motion?
“MR. HODGES: No, sir; I am not prepared to go forward without reviewing the transcript.
“THE COURT: The motion is denied and overruled.”
Irrespective of what defendant’s counsel understandably apparently believed as to the possible value of the transcript, we are confident that the trial judge, with his remembrance of the evidence and other matters covered by the transcript of the proceedings, was confident that the transcript would not be of any value to defendant’s counsel and that no injustice whatever to defendant would result in his failure to have a transcript. It is to be noted that in the grounds of the motion for a new trial, there is no ground, except grounds as to the sufficiency of the evidence, that could not be as well presented on appeal as on a hearing of a motion for new trial. We have considered all the contentions made by appellant. He does not question the sufficiency of the evidence, and we find the evidence of sufficient strength to have failed to justify the granting of a motion for a new trial by reason of any claim as to its insufficiency. We have looked for any error prejudicial to defendant in connection with the admissibility of any evidence and have found none. We have further searched the transcript of the proceedings, as well as the record proper, for error of any nature prejudicial to defendant, and have found none. The action of the trial court in overruling defendant’s motion for a continuance did not cause any substantial injury to him.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All Judges concur.

. Standards expressed in Jordan v. DeGeorge, 341 U.S. 223, 230-231, 71 S.Ct. 703, 95 L.Ed. 886 (1951).