Indecent molestation of a child; five years.
The appellant was indicted for violation of Ala. Code § 13-1-113 (1975) in two separate counts by the July, 1979 term of the Tuscaloosa Grand Jury. Both counts of the indictment follow substantially the language in Ala. Code § 13-1-113 (1975). The jury found appellant "guilty of indecent molestation of a child as charged in the indictment" and assessed a fine of "none" for the offense. At the conclusion of the appellant's sentence hearing, the trial court fixed his punishment at five years imprisonment in the State penitentiary and assessed a fine against him of $5,000. Appellant gave oral notice of appeal.
The facts in this case are not in dispute. The trial court initially ascertained the competency to testify of the eleven-year-old and the eight-year-old eyewitness to the offense.
The victim testified that she and her parents went to her sister's apartment on Hargrove Road in Tuscaloosa County on the afternoon of September 1, 1979. The victim's sister and her family were planning a cookout, and the victim and her eight-year-old friend were to spend the night together afterwards.
Around 7:30 or 8:00 p.m., after everyone had eaten, and while the adults were watching television, the two young girls went outside to play near the back door of the *Page 818 
apartment. The two girls played for awhile and then put out the fire that had been used for the cookout. At this time the appellant, who lived next door in apartment number thirteen, asked the girls to come to his apartment.
As requested, the children entered the back door of appellant's apartment into his kitchen. They walked into the living room and from there the appellant took the girls into the bathroom. In the bathroom the appellant exposed his penis to the girls and, on the pretext of having caught it in the zipper of his pants, told the eleven-year-old victim to help him "get this thing out of his zipper." She complied by jiggling the zipper for a "couple of minutes" with appellant urging her "to keep on trying." After she stopped trying to jiggle his zipper the appellant put his penis "back inside his pants." Appellant then told the girls not to tell their parents what had happened and they left his apartment.
They then returned to apartment number fourteen and "went upstairs to clean up the room." The eight-year-old witness then told her mother what had happened. The victim stated, "I was going to tell my mother and daddy, but they had already gone home." The older child's mother was notified and she returned to the apartment; the police were called and they came to investigate.
 I
Appellant maintains that Ala. Code § 13-1-113 (1975) is unconstitutional under the Fourteenth Amendment for vagueness in that it fails to give fair notice of the conduct which it prohibits. There is no merit to this contention. This exact issue has been previously answered by this court in Poe v.State, 389 So.2d 154 (Ala.Cr.App. 1980).
As this court stated in Chambers v. State, 364 So.2d 416
(Ala.Cr.App.), cert. denied, 364 So.2d 420 (Ala. 1978) quoting from Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703,95 L.Ed. 886 (1951).
 "We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. United States v. Wurzback, 1930, 280 U.S. 396, 399, 50 S.Ct. 167, 168, 74 L.Ed. 508. Impossible standards of specificity are not required. United States v. Petrillo, 1947, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877. The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Connally v. General Construction Co., 1926, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322."
Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. United States v. Mazurie, 419 U.S. 544,95 S.Ct. 710, 42 L.Ed.2d 706 (1975); Chambers, supra. Applying these principles to the statute and facts before us, we have no difficulty in upholding the constitutionality of Section 13-1-113. The appellant's conduct was revoltingly blatant and in no sense "borderline."
 II
The State properly proved venue as being in Tuscaloosa County. Sandy Neville testified without objection that her sister's apartment on Hargrove Road and "the apartment next door" was in Tuscaloosa County. In addition, Sherrill Brown, Sandy's sister, testified that in September of 1979 she lived in the Hargrove Road Apartments "here in Tuscaloosa County." Thus, venue was sufficiently proved from persons having personal knowledge of the locus of the crime. There is no basis in fact for appellant's contention.
Whether leading questions will be allowed is within the discretion of the trial court. Jones v. State, 292 Ala. 126,290 So.2d 165 (1974). A witness' testimony becomes legal evidence if it is received without objection. Wilson v. State,52 Ala. App. 680, 296 So.2d 774, cert. denied, 292 Ala. 759,296 So.2d 778 (1974).
 III
Appellant's final contention is that the trial court erred in assessing a fine *Page 819 
of $5,000 against him after the jury returned its verdict assessing "a fine of none." We agree. Alabama Code §§ 15-18-40
and 15-18-41 (1975) were repealed by Acts 1977, No. 607, p. 812, § 9901, as amended, effective January 1, 1980. However, because appellant's prosecution was begun before the effective date, those sections are applicable here by virtue of the Saving Section: Acts 1977, No. 607, § 9905.
Under §§ 15-18-40 and 15-18-41, if the jury fails to impose a fine, the trial judge is without authority to do so. Osner v.State, 54 Ala. App. 520, 310 So.2d 241 (1974), cert. denied,293 Ala. 769, 310 So.2d 247 (1975); Winn v. State, 38 Ala. App. 156,79 So.2d 75 (1954). The judgment of the court below to the extent that it imposed a fine of $5,000 in addition to the sentence of five years in the penitentiary must be treated as surplusage. Allen v. State, 382 So.2d 1147, 1157 (Ala.Cr.App.), cert. denied, 382 So.2d 1158 (Ala. 1980).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.