Larry Johnson was indicted for promoting prison contraband in the first degree, in violation of § 13A-10-36, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and he was sentenced to 15 years' imprisonment as a habitual felony offender.
On June 27, 1985, Officer John Lee, a guard at Fountain Correctional Facility, was escorting inmates Wilbert Tyrus and Curtis Scarver to their beds in the prison dormitory when Tyrus pulled a knife and attacked Scarver. Scarver ran to the opposite end of the dorm. Lee ordered Tyrus to drop the knife but he refused and chased after Scarver.
At this point, the appellant ran past Lee with a knife. Lee told the appellant to drop the knife but he continued running. The appellant then confronted Tyrus with the knife. The appellant then dropped the knife after Lee ordered him to do so.
 I
Shortly before the trial of the case, the appellant's appointed attorney, B.F. Lovelace, Sr., became ill and could not represent the appellant at trial. Lovelace's son, B.F. Lovelace, Jr., was appointed to represent the appellant.
Just prior to the start of the trial, the appellant filed a pro se motion asking for a continuance based on the ground that his attorney was not prepared for trial. Lovelace told the court that he was fully prepared to try the case. He stated that about half of the witnesses had been interviewed and the others were merely cumulative. Lovelace told the court that he had talked with the appellant on several occasions and had talked to an investigator. Further, Lovelace said that he felt the appellant wanted to continue the case for various reasons that Lovelace did not believe were meritorious.
The trial judge stated that the case had already been continued twice on the motions of the appellant and he denied this motion for continuance. The appellant contends this was error.
The granting or denial of a motion for a continuance is within the sound discretion of the trial court. Dawkins v.State, 455 So.2d 220 (Ala.Cr.App. 1984).
In light of the fact that the appellant's attorney told the court he was fully prepared to try the case, and the fact that the case had been previously continued twice at the appellant's request, it is clear that the trial court did not abuse its discretion in this instance.
 II
The appellant contends the State failed to prove a prima facie case because the State did not prove the appellant owned the knife or that a knife is a deadly weapon which would be useful in an escape attempt.
Section 13A-10-36(a), Code of Alabama 1975 states:
 "A person is guilty of promoting prison contraband in the first degree if: *Page 134 
 (1) He intentionally and unlawfully introduces within a detention facility, or provides an inmate with, any deadly weapon, instrument, tool or other thing which may be useful for escape;
 "(2) Being a person confined in a detention facility, he intentionally and unlawfully makes, obtains or posseses any deadly weapon, instrument, tool or other thing which may be useful for escape." (Emphasis added.)
The statute does not require the State to prove ownership of the contraband. It only requires that the State prove that he intentionally and unlawfully obtained or possessed contraband. The State certainly proved this element.
A knife is a deadly weapon or instrument. See § 13A-1-2-(11), (12), Code of Alabama 1975. See also Thatch v. State,432 So.2d 8 (Ala.Cr.App. 1983), and Johnson v. State, 406 So.2d 451
(Ala.Cr.App. 1981). Anything capable of causing death or serious physical injury would certainly be useful in an escape attempt. Thus, there was sufficient evidence from which the jury could conclude, by fair inference, that the appellant was guilty of the offense charged beyond a reasonable doubt.
 III
After the verdict was rendered in this case, the State requested a continuance of the sentence hearing so that the proper certified copies of the appellant's prior convictions could be obtained and a presentence investigation could be conducted. The trial court granted the continuance and the appellant contends he was denied equal protection by the trial court's action.
As was stated earlier, the decision to grant or deny a continuance is within the sound discretion of the trial court.Dawkins, supra. We find no abuse of its discretion here.
 IV
The appellant asserts that his sentence of fifteen years constitutes cruel and unusual punishment. The appellant was sentenced within the range of punishment allowed under the Habitual Felony Offender Act. This court has stated that applying the Habitual Felony Offender Act does not constitute cruel and unusual punishment. McLester v. State, 423 So.2d 286
(Ala.Cr.App. 1982); Thompson v. State, 462 So.2d 777
(Ala.Cr.App. 1984).
Furthermore, the appellant received the minimum sentence he could receive under the Habitual Felony Offender Act. Thus, there is no merit to this argument.
For the foregoing reasons, this cause is due to be, and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.