MONTIEL, Judge.
The appellant, Walter Sanders, Jr., was indicted for the offense of promoting prison contraband, in violation of § 13A-10-36. A jury found him guilty as charged in the indictment. The appellant was sentenced to 5 years in prison.
The evidence adduced at the tidal tended to establish that on February 28, 1992, the appellant was in the Coffee County jail for offenses unrelated to this case. He was in an isolation cell block because of problems he had experienced with other inmates. On that date, the sheriff went to retrieve the appellant from his cell to take him to court for a preliminary hearing. When the sheriff got to the cell, the appellant was upset and using profanity, allegedly because he had not received his mail. After the sheriff called other officers for assistance, they went into the cell and found the appellant was carrying a broken piece of PVC pipe that had a jagged edge and a portion of a wooden broom or mop handle that had a pointed end.
The shower curtain in the shower, which the appellant had access to, was hung by PVC pipe. Also, as part of a daily routine, the inmates were provided with a mop or a broom to clean up their cells. This is how the appellant purportedly came into possession of the items he was carrying when the sheriff entered his cell.
When the officers entered the cell to take the appellant to court, the appellant cursed at the sheriff. The sheriff saw the jagged PVC pipe and pointed wooden handle as weapons. He testified that jail regulations prohibit an inmate from possessing such items because they could be used to harm other inmates or to escape. When the officers entered the cell, a struggle ensued. The appellant was ultimately restrained, but the officers received minor injuries.
I
The appellant first argues that the trial court erred in failing to dismiss the charge against him because the statute creating the offense is vague and the indictment did not apprise him of the charge against him with sufficient specificity to allow him to prepare a defense. We disagree.
Section 13A-10-36(a), Code of Alabama 1975, provides that a person is guilty of promoting prison contraband in the first degree if:
“(1) He intentionally and unlawfully introduces within a detention facility, or provides an inmate with, any deadly weapon, instrument, tool or other thing which may be useful for escape;
“(2) Being a person confined in a detention facility, he intentionally and unlawfully makes, obtains or possesses any deadly weapon, instrument, tool or other thing which may be useful for escape.”
With regard to 13A-10-36(a)(2), the appellant specifically argues that the statute does not define the phrases “unlawfully makes, obtains or possesses” or a “deadly weapon, instrument, tool or other thing which may be useful for escape.”
In determining whether a statute is unconstitutionally vague, “[t]he test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.” Jordan v. State, 411 So.2d 816, 818 (Ala.Crim.App.1981) (quoting Jordan v. De George, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951)). The vagueness doctrine essentially holds that a person should not be held criminally responsible for an act if he cannot reasonably understand that the contemplated conduct is proscribed. McCrary v. State, 429 So.2d 1121 (Ala.Crim.App.1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983). Vagueness challenges not involving First Amendment rights are examined in light of the facts of the case under consideration. Jordan, 411 So.2d at 818 (citing United States v. Mazurie, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *431 Chambers v. State, 364 So.2d 416 (Ala.Crim.App.), cert. denied, 364 So.2d 420 (Ala.1978)).
Applying the legal standards to the facts of this case, we hold that § 13A-10-36 is not unconstitutionally vague. The facts indicate the appellant had obtained the piece of PVC pipe and wooden handle, and had fashioned them into weapons. The items constituted “deadly weapons” as that is defined in § 13A-1-2(11), Code of Alabama, 1975: “anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury.” Moreover, these items which were capable of causing death or inflicting serious physical injury could be useful in attempting to escape. Johnson v. State, 515 So.2d 132, 134 (Ala. Crim.App.1987). Under the facts of this case, we hold the appellant could have reasonably understood that his conduct was proscribed under § 13A-10-36.
We further hold that the indictment properly charged the appellant with violating § 13A-10-36. The indictment, with regard to the offense at issue, specifically states:
“The Grand Jury of said County charge that before the finding of this indictment that WALTER SANDERS, JR., whose name is to the Grand Jury otherwise unknown, being confined in a detention facility, did intentionally and unlawfully make, obtain or possess a deadly weapon, instrument, tool or other thing, to-wit: a broken broom handle and a PVC pipe which may have been useful for escape, in violation of Section 13A-10-36 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
Unquestionably, this indictment sufficiently tracks the language of the statute and apprised the appellant of the offense with which he was charged.
II
The appellant further contends that the trial court erred in denying his motion for a directed verdict of acquittal at the close of the State’s case in chief. Specifically, the appellant contends that the State’s evidence was insufficient for to establish that the appellant unlawfully possessed the piece of PVC pipe or the wooden handle. The appellant’s argument is without merit. Although these items, in their unaltered state, were in the appellant’s cell and were provided by the County, the appellant altered these items for use as weapons. The County did not provide the appellant with the items in the condition in which the appellant used them. The appellant possessed these altered items in violation of jail regulations and in violation of § 13A-10-36.
Ill
The appellant argues that the State systematically excluded black veniremembers on the basis of their race from his petit jury by using its peremptory challenges in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Of 36 venire-members, 5 were black. The State used 5 of its 12 peremptory challenges to strike the black veniremembers. Defense counsel made a timely Batson motion, and the trial court ruled that the defense failed to establish a prima facie case of race discrimination. However, the trial court required the State to give its reasons for the strikes.
The trial court has discretion in determining whether the State exercised its peremptory challenges in a discriminatory manner. Ex parte Lynn, 543 So.2d 709, 712 (Ala.1988). Furthermore, a trial court’s determination as to whether the defendant has established a prima facie case of purposeful discrimination by the State will be reversed only if that determination is clearly erroneous. Id Here, the trial court found that the defendant had not established a prima facie case of discrimination. Nevertheless, the trial court required the State to articulate its reasons for the peremptory challenges. After the reasons were articulated, the trial court further found that the State’s peremptory challenges were not racially motivated.
The prosecution stated that it struck a black female because she had visited a jail and could have been more sympathetic to the appellant. The prosecution also said that it had information that this potential juror may have been related to individuals who had been prosecuted by the State. According to *432 the prosecution, another black female was struck because her husband had recently died which might cause her to be distracted and also because she appeared to be very shy. The prosecution said that it struck a third black female because she articulated strong Christian principles during previous voir dire examination and the prosecution questioned whether she would apply the law to the facts. A black male was struck because the prosecution said that it felt he had trouble communicating and because he worked for a company that had been sued by an individual assisting the prosecutor. The prosecution said it struck another black male because the State had information that his brother had been prosecuted for child support and because the prosecution thought that since the veniremember had friends in jail, he might have been sympathetic to the appellant.
We have held that when the trial court rules that the defense has failed to establish a prima facie case of discrimination, the State does not have to articulate' race-neutral reasons for exercising peremptory challenges against black veniremembers. However, if the State articulates its reasons for striking black veniremembers for the record, this Court will review those reasons as if a prima facie case of discrimination had been made. See Davis v. State, 596 So.2d 626 (Ala.Crim.App.1991).
First, we note that the State exercised peremptory challenges against white veniremembers for some of the same or similar reasons the challenges were exercised against black veniremembers. A lack of disparate treatment of black and white members of the jury venire is indicative that the peremptory challenges against the black veniremembers are not racially motivated. See Ex parte Branch, 526 So.2d 609 (Ala.Crim.App.1987).
Based upon the reasons given by the State for its strikes and upon our standard of review, we cannot hold that the trial court erred in denying the Batson motion, Age, place of employment and demeanor of the potential juror have been held to be sufficiently race-neutral reasons for exercising a peremptory challenge. Currin v. State, 535 So.2d 221 (Ala.Crim.App.), cert. denied, 585 So.2d 225 (1988). In determining whether peremptory challenges were exercised in a discriminatory fashion, it is appropriate to consider the particular case being tried, the parties, as well as the characteristics of the challenged veniremembers other than race. Minnifield v. State, 530 So.2d 245, 249 (Ala.Crim.App.1987) (quoting Ex parte Jackson, 516 So.2d 768, 772 (Ala.1986)). Because this offense involved an inmate in a county jail, we cannot hold that striking potential jurors because they had visited friends or relatives in jail and may be more sympathetic to the appellant is not race-neutral reason.
Thus, each of the prosecution’s peremptory challenges against the black venire-members is supported by a racially neutral explanation. The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.