ON APPLICATION FOR REHEARING
COBB, Judge.
This opinion was originally assigned to another judge on this court and was reassigned to Judge Cobb on January 17,1995.
This court’s opinion of January 13, 1995, is hereby withdrawn and the following opinion is substituted therefor.
Ronnie Tyler, the appellant, was convicted of murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment without the possibility of parole under the Habitual Felony Offender Act. This appeal followed.
I
The appellant claims that his sentence was improperly enhanced by prior federal convictions under the Habitual Felony Offender Act because, he says, these convictions were for offenses that were not felonies under Alabama law. In 1973, the appellant pleaded guilty to 10 counts of unlawful and fraudulent interstate transportation of forged travelers’ checks, in violation of 18 U.S.C.A. § 2314 (1970), which provides, in pertinent part:
“Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any traveler’s check bearing a forged countersignature ... [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both.”
The eligibility of felony convictions from other jurisdictions for enhancement under the Habitual Felony Offender Act is addressed in Rule 26.6(b)(3)(iv), Ala.R.Crim.P., which reads as follows:
“Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1~2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law.”
(emphasis added.) This rule clearly allows certain federal convictions to be used for sentence enhancement even if no counterpart exists in Alabama law. In this case, the use of the federal convictions to enhance the appellant’s sentence was proper.
II
The appellant argues that the trial court’s application of Rule 26.6(b)(3), Ala. *1064 R.Crim.P., was unconstitutional because, he says, it deprived him of his liberty without due process and violated the concept of separation of powers by encroaching on the powers of the legislature. This issue is without merit.
Temp.Rule 6(b)(S)(iv), Ala.R.Crim.P. (now Rule 26.6(b)(3)(iv)) was adopted to further the purposes of the Habitual Felony Offender Act. Thompson v. State, 525 So.2d 820 at 829 (1985), cert, denied, 488 U.S. 834, 109 S.Ct. 94,102 L.Ed.2d 70 (1988). The Habitual Felony Offender Act has been held to be constitutional. Carroll v. State, 445 So.2d 952 (Ala.Crim.App.1983); Montgomery v. State, 446 So.2d 697 (Ala.Crim.App.1983), cert, denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984); Minor v. State, 451 So.2d 433 (Ala.Crim.App.1984); Lowe v. State, 478 So.2d 322 (Ala.Crim.App.1985); Turner v. State, 610 So.2d 1198 (Ala.Crim. App.1992). It is not violative of a defendant’s rights to due process. Jemison v. State, 439 So.2d 786 (Ala.Crim.App.1983); Rocker v. State, 443 So.2d 1316 (Ala.Crim. App.1983); Thompson v. State, 462 So.2d 777 (Ala.Crim.App.1984); Johnson v. State, 515 So.2d 132 (Ala.Crim.App.1987). Furthermore, “[t]he rule does not expand the provisions of law, but only assists courts in their application of the law; therefore, it does not violate the concept of separation of powers.” Thompson, 525 So.2d at 829.
The trial court did not err in its application of Rule 26.6(b)(3)(iv) to enhance the appellant’s sentence under the Habitual Felony Offender Act.
Ill
The appellant contends that the enhancement of his sentence with these federal convictions was improper because, he says, the state failed to prove that the appellant made a knowing waiver of counsel at his sentencing.
The burden is on the state to prove, beyond a reasonable doubt, the appellant’s previous felony convictions. Rule 26.6(b)(3)(iii),. Ala.R.Crim.P. The state must also prove that the appellant was “‘either represented by counsel or waived same,’ before such a prior conviction can be used to enhance the appellant’s conviction under the Habitual Felony Offender Act. Meadows v. State, 473 So.2d 582, 588 (Ala.Crim.App. 1985).” Reynolds v. State, 615 So.2d 94, 97 (Ala.Crim App.1992).
The certified copies of the federal convictions show that on March 12,1973, when the appellant pleaded guilty in the United States District Court, he was represented by counsel. These copies also reflect that on the date he was sentenced, July 16, 1973, the appellant waived counsel. With the introduction of these certified copies, the state has satisfied its burden of proof; if the appellant disputes these records, the burden shifts to him to prove that they are erroneous. See Shepard v. State, 539 So.2d 449, 450 (Ala. Crim.App.1988) (“Because the record clearly shows that the appellant was represented by counsel when he made his motion to enter a guilty plea, there is a presumption that he was represented by counsel during the entire proceedings and it is his burden to prove otherwise.”). The appellant failed to present any evidence to support his argument on this issue.
IV
The appellant challenges the validity of the indictment charging him with murder. The appellant argues that the indictment is fatally flawed because, he says, it fails to prescribe the required intent. The indictment charges, in pertinent part, that the appellant “did intentionally cause the death of another person, Carl Hammon, by shooting him with a gun, in violation of Section 13A-6-2 of the Code of Alabama.” (C. 48.) Subsection (a)(1) of § 13A-6-2 provides:
“A person commits the crime of murder if: “With intent to cause the death of another person, he causes the death of that person or of another person....”
The appellant’s assertion that a semantic difference between “intentionally” and “with intent” is fatal to the indictment which charged the appellant is without merit. “The crucial question, of course, is whether the indictment sufficiently apprises the accused with reasonable certainty of the nature of the accusation *1065 made against him so that he may prepare his defense, that he may be protected against a subsequent prosecution for the same offense.” Ex parte Harper, 594 So.2d 1181, 1183 (Ala.1991) cert, denied, 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992). Clearly, this indictment meets this standard.
The judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; RULE 39(K) MOTION DENIED; AFFIRMED.
All the Judges concur.