MeMILLAN, Judge.
Robert'Alen Ramsey was indicted on two alternative counts of felony driving under the influence of alcohol. See § 32-5A-191(h), Code of Alabama 1975. He moved to dismiss the indictment on the grounds that it failed to charge an indictable offense. Ater a hearing, the trial court granted the motion and dismissed the indictment, finding that there was insufficient evidence that Ramsey had waived counsel with regard to an underlying conviction on December 16,1992, in the Cullman Municipal Court for driving under the influence of alcohol.
The Uniform Traffic Ticket and Complaint (“UTTC”) charging the 1992 offense reflects, in pertinent part, the following:
1. The space next to the words “Attorney for Defendant” is blank.
2. The blocks next to the words “Defendant informed of right to counsel,” “Voluntarily waived counsel” are checked.
3. The block next to the words “Defendant found indigent, counsel appointed” is blank.
4. The UTTC is signed by the magistrate judge.
The parties and the trial court agree that, pursuant to this Court’s decision in Robinson v. State, 649 So.2d 1331 (Ala.Cr. App.1994), a UTTC that is completed by a municipal court judge and that indicates, “Defendant informed of right to counsel, voluntarily waived counsel,” is sufficient evidence of the voluntary waiver of counsel. In the present case, however, despite the fact that the UTTC form so indicated, the trial court found that the evidence of waiver was insufficient.
The record of the present case contains, in addition to the UTTC, a two-page explanation of rights form.' The trial court noted that option C on that form which indicates as waiver of counsel, “was neither marked nor circled by the Defendant or Municipal Court Judge.” The court further noted that “[t]he UTC-1 purports to show that the Defendant waived his right to counsel, whereas the more detailed Explanation of Rights fails to disclose what the'Defendant did in the Cull-man Municipal Court with respect to his right to counsel.” The court then concluded that “[t]he existence of the unmarked and conflicting Explanation of Rights” form distinguished the present case from Robinson, supra, and held that this conflicting evidence was insufficient as a matter of law to show that the appellee voluntarily, knowingly, and intelligently waived his right to counsel.
The explanation of rights form reads, in pertinent part, as follows:
“The undersigned understands that he/ she has the right to retain an attorney to represent him/her in this matter. Further, the undersigned understands that the *1290 Court will appoint an attorney to represent him/her in this matter, if he/she is financially unable to employ an attorney.
“The undersigned hereby:
“A. informs the Court that he/she has employed the Hon_to represent him/her in this matter.
“B. requests the Court to appoint an attorney to represent him/her in this matter and agrees to submit to the Court an affidavit on his/her financial condition.
“C. informs the Court that he/she understands that he/she has a right to an attorney to represent him/her in this matter and waives the right to be represented by an attorney.
“Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will be happy to make further explanation thereof to you.[1]
* * * * * *
“Comes the defendant in the above-styled case and states to the court that he/she has read, or has had read to him/her, the matters and things hereinabove set forth: that his/her attorney has thoroughly gone over said matters and things with him/her. The defendant thoroughly understands them: that he/she is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him/her to plead guilty. Defendant further states to the Court that he/she is guilty as charged, in this ease and desires to plead guilty.[2]
* * * * *
“Comes the attorney for the above-named defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him/her by me, that I discussed in detail such rights with the defendant, that I explained to the defendant the elements of the offense charged in this case and that a written copy of the above rights was given to the defendant for him/her to keep, use and study.”[3]
The form also is signed by the municipal clerk, who filed the document on December 16,1992.
The State argues that the trial court placed far too much emphasis on the fact that option C was not marked and ignored the great weight of the evidence, which indicated that Ramsey had waived counsel. Specifically, the State argues that its proof was sufficient because, it says, (1) the UTTC form clearly indicates that Ramsey waived counsel; (2) the explanation of rights form clearly outlines a defendant’s rights, indicates that the magistrate judge explained the rights to Ramsey, and indicates that Ramsey understood them; and (3) the magistrate judge personally filled out the UTTC form to show his involvement in the case.
In Tyler v. State, 683 So.2d 1062 (Ala.Cr.App.1995), concerning application of the Habitual Felony Offender Act, the State introduced certified copies of the defendant’s pri- or federal convictions to show that he had waived counsel when he pleaded guilty. This Court stated that, with the introduction of the certified copies, the State had satisfied its burden of proof. This Court further stated that, if the appellant disputed the records, the burden was on him to prove that they were erroneous. The defendant in Tyler failed to present any evidence to support his claim.
In the present case, the State offered the UTTC as proof that Ramsey had waived counsel on the prior conviction. Ramsey offered the explanation of rights form to dispute the State’s proof. However, the explanation of rights form did not conflict with the UTTC with regard to waiver, as Ramsey argues. The form instead simply failed to indicate whether Ramsey waived representation by counsel.
The appellate court will not presume error from a silent record. Robinson v. *1291 State, 444 So.2d 884 (Ala.1983). Similarly, the trial court in the present case should not have presumed error from the failure to mark an option on the explanation of rights form. The form contained no instruction to circle or mark the applicable options.[4] The lack of a mark signified no more than an omission — and not a conflict — regarding these options.
With regard to the statements in the explanation of rights form — “Your attorney will go over these rights with you” and “his/her attorney has thoroughly gone over said matters and things with him/her — ” the references to an attorney were simply inapplicable, rather than conflicting as the trial court held. Analogous statements appeared in the upper portion of the explanation of rights form. Although the 1992 conviction was Ramsey’s first, the form also advised him of the punishment for a second conviction and for a third or subsequent conviction. The inclusion in the form of this inapplicable information did not render the advice as to the range of punishment conflicting.
The explanation of rights form affirmatively states that Ramsey was fully advised as to his rights, including the right to counsel. The form does not contain the name of an attorney in the blank provided in paragraph A, and no affidavit of indigency appears in response to paragraph B. Paragraph C therefore was the only reasonable alternative, and this option specifically stated that Ramsey waived the right to be represented by an attorney. Based on the record, and in the absence of conflicting evidence, Ramsey’s motion to dismiss the indictment should not have been granted.
REVERSED AND REMANDED.
All judges concur.

.This section is signed by the magistrate judge, who also signed the UTTC, and dated December 16, 1992.

. This section is signed by Robert Allen Ramsey and dated December 16, 1992.

. This section is unsigned and undated.

. Ramsey also did not circle the applicable gender in the "he/she” options in the section above his signature.